STATE of Tennessee, Appellee,

v.

Billy Etroy McCASLIN, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Nov. 2, 1994.

James D. Gass, Jackson, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Jerry Woodall, Dist. Atty. Gen., Lawrence Nicola, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

PEAY, Judge.

The defendant was convicted of driving while under the influence—second offense. The trial court assessed a fine of seven hundred fifty dollars ($750) and sentenced the defendant to eleven months and twenty-nine days with all but forty-five days suspended. The trial court also revoked the defendant's driving privileges for two years.

In this appeal as of right the defendant presents one issue for review. The defendant contends that the trial court erred when it admitted into evidence the results of the breath test where the requisite twenty-minute pre-test observation period established in *State v. Sensing*, 843 S.W.2d 412 (Tenn.1992) was not fulfilled. Following a review of the record we find that the admission of the test results was reversible error.

Counsel for the defendant prepared and filed a "Statement of the Evidence" pursuant to T.R.A.P. 24(c) which revealed that on December 6, 1991, Officer William Wester of the D.U.I. Task Force observed the defendant in his car at the intersection of Carriage House Drive and Highway 45 By–Pass in Jackson, Tennessee. Officer Wester watched the defendant drive across three northbound lanes before turning north and crossing the lanes again to get into the Interstate 40 access lane. After observing the defendant's automobile weaving on the interstate, Officer Wester pulled the defendant over.

Officer Wester stated that as the defendant exited the automobile he was unsteady and smelled as if he had consumed alcoholic beverages. At that point Officer Wester administered a number of field sobriety tests. Specifically, the defendant attempted the horizontal gaze nystagmus, walk and turn, one-leg stand, recitation of the alphabet and finger count tests. Officer Wester was of the opinion that the defendant had not performed the tests satisfactorily and placed him under arrest.

The defendant was placed in the backseat of the patrol car by Officer Wester who stated that he drove away from the arrest site at 2:20 a.m. Officer Wester further testified that it had taken about ten minutes to reach the police station. Using the Intoximeter 3000 Officer Wester administered a breath test at 2:46 a.m. which resulted in a blood alcohol reading of .19 percent.

The results of the breath test were admitted into evidence at trial over the objection of defendant's counsel.

■ In his sole issue the defendant claims that the trial court erred in admitting into evidence the Intoximeter 3000 breath test results where the officer failed to observe the defendant for the requisite twenty-minute period prior to administering the test. In *Sensing* our Supreme Court set forth the criteria for the admissibility of breath test results holding that the testing officer must be able to testify to the following:

(1) that the tests were performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation, (2) that he was properly certified in accordance with those standards, (3) that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed, (4) *that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate,* (5) evidence that he followed the prescribed operational procedure, (6) identify the printout record offered in evidence as the result of the test given to the person tested.

*Sensing,* 843 S.W.2d at 416 (emphasis added). The record indicates that Officer Wester arrived at the station with the defendant at about 2:30 a.m. with the test being administered to the defendant at 2:46 a.m. The defendant points to this undisputed period of observation at the station of sixteen minutes as falling short of the requisite twenty-minute period.

The State agrees that the defendant was observed at the station for only sixteen minutes but insists that the defendant was "under observation" and "in the presence" of the officer while in the backseat of the patrol car for a period in excess of twenty minutes. The testimony of Officer Wester revealed that while in the patrol car he did not observe the defendant drink, eat, smoke, regurgitate, or place any foreign matter in his mouth. In support of its position the State argues that the *Sensing* court did not contemplate an "eyeball to eyeball" observation of a motorist. Therefore, the State concludes that Officer Wester's observation of the defendant in the patrol car behind the plexiglass divider was sufficient to satisfy the requirements of *Sensing.* We disagree.

■ Even though the officer stated that he was continually in the presence of the defendant, he cannot say with certainty that the defendant did not regurgitate while out of his view in the backseat of the patrol car from 2:20 a.m. until they arrived at the sta-

tion. The State responds that the defendant did not present testimony that he did in fact regurgitate while in the patrol car. However, the State's position is misplaced as it is the State's burden, not the defendant's, to present testimony through the testing officer that the *Sensing* pre-test requirements were met. Therefore, a claim that the defendant either presented or failed to present testimony of regurgitation is irrelevant in this case.

■ The trial court ruled that although Officer Wester did not maintain eye contact with the defendant for twenty minutes, he was continually in the presence of the defendant for at least twenty minutes prior to administering the test. Over defense counsel's objection to the admissibility of the test results, the trial judge stated that the failure to observe the defendant for the requisite twenty minutes goes to the weight of the evidence and not to admissibility. At the hearing on the motion for new trial, the trial judge recanted his earlier position and found that the twenty-minute period did relate to admissibility. However, he maintained that under the facts of this case the requirement had effectively been met.

We agree that the requirements established in *Sensing* are a condition precedent to the admissibility of breath test results. While the test result itself simply creates a rebuttable presumption of intoxication, the admissibility of the evidence hinges on the fulfillment of the established requirements. Thus, for the reasons stated above we do not agree that the requirement of a twenty-minute observation period was met in the present case. Therefore, the trial court erred in admitting into evidence the results of the breath test.

■ Finally, the State asserts that even if the officer failed to observe the defendant for the requisite twenty minutes, the defendant has failed to allege that he was prejudiced by the admission of the test results. As in any case it is impossible to determine the weight, if any, given by a jury to any item of evidence. However, when the only scientific evidence presented at trial was admitted in error we cannot say that the effect was harmless.

In the present case the State presented the testimony of Officer Wester who stated that he administered several field sobriety tests and in his opinion the defendant failed the tests. Here, the defendant's performance of the tests was captured on video and shown to the jury on two occasions. Absent the breath test results we think the jury could have drawn its own conclusion that the defendant did not perform as poorly as the officer had indicated. Having viewed the video this court can see the inconclusiveness of it in establishing the defendant's guilt beyond a reasonable doubt in the absence of the breath test results. The results of the breath test revealed a .19 percent blood alcohol content which is more than twice the required level of intoxication. Though we cannot know how the jury viewed this evidence, the result of the breath test was a significant factor in the equation the jury had to solve.

Since we are unable to conclude that the error was harmless, we must reverse and remand for a new trial.

JONES and TIPTON, JJ., concur.