IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| | ) | FILED:  MARCH 24, 1997 |
| Appellee | ) | |
| | ) | MARSHALL COUNTY |
| V. | ) | |
| | ) | HON. WILLIAM CHARLES LEE, |
| JOHN FARRIS HUNTER, III | ) | JUDGE |
| | ) | |
| Appellant | ) | NO. 01-S-01-9605-CC-00083 |

For Appellant:_____

WILLIAM C. BARNES, JR.
Columbia, TN

For Appellee:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

WILLIAM DAVID BRIDGERS
Assistant Attorney General
Nashville, TN

WILLIAM MICHAEL MCCOWN
District Attorney General

WEAKLEY E. BARNARD
Assistant District Attorney
Lewisburg, TN



FILED

March 24, 1997

Cecil W. Crowson
Appellate Court Clerk

OPINION

AFFIRMED                                                    BIRCH, C.J.

The Circuit Court of Marshall County entered judgment upon a jury verdict convicting John Farris Hunter, III,[1] the defendant, of driving while under the influence of an intoxicant (fourth offense).[2] The trial court sentenced him to a nine-month workhouse term and ordered the conditional forfeiture of his automobile. Additionally, the trial court pronounced judgment on a jury-assessed fine of $5,000. The Court of Criminal Appeals affirmed.

We granted Hunter's application for review in order to clarify whether State v. McCaslin, 894 S.W.2d 310 (Tenn. Crim. App. 1994), modified the Sensing[3] rule, which requires a twenty-minute period of observation prior to the administration of a breath-alcohol test. After careful consideration, we conclude that McCaslin did not modify Sensing and that the requirements of Sensing were met in this case. Therefore, the judgment of the Court of Criminal Appeals is affirmed.

In State v. Sensing, 843 S.W.2d 412, 416 (Tenn. 1992), we established the prerequisites that must be met before the results of a breath-alcohol test may be admitted. Under Sensing, the State must establish that the subject was observed for twenty minutes prior to the test and that during this period the subject

---

[1] The appellant is referenced in the record as both "John F. Hunter" and "Farris John Hunter." We will refer to him as he is described in the indictment: John Farris Hunter, III.

[2] Tenn. Code Ann. § 55-10-401, -403.

[3] State v. Sensing, 843 S.W.2d 412 (Tenn. 1992).

2

did not have foreign matter in his or her mouth, did not consume any alcoholic beverage, smoke, or regurgitate.  Id.

In McCaslin, the intermediate court applied the "twenty-minute observation" rule and concluded that the requirement had not been met.  McCaslin, 894 S.W.2d at 311-312.  The State argued that the observation by the transporting officer in the patrol car should be considered in addition to the station-house observation.  If allowed, the time would have exceeded the twenty-minute requirement.  In McCaslin, however, the transporting officer could not testify with certainty regarding the defendant's conduct while in the patrol car.  Id.  Thus, the Court of Criminal Appeals appropriately held that the State had not sufficiently established the basis for the admission of the evidence under Sensing.

In the absence of a verbatim transcript, the case before us has been submitted on a statement of evidence.  That statement indicates, in pertinent part, that the arresting officer observed the defendant "for thirty minutes (30) prior to the administering to [sic, of] the breath test to insure that the Defendant had not regurgitated, belched, etc."  A different officer administered the test.

Obviously, the rationale of the observation rule is to ensure an accurate test result.  If credible proof establishes that the subject did not have foreign matter in the mouth, did not consume any alcoholic beverage, and did not smoke or regurgitate,

then the rule is satisfied regardless of whether the observer also administers the test.

We find this rule was satisfied in this case. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.

_____
ADOLPHO A. BIRCH, JR., Chief Justice

CONCUR:

Drowota, Anderson, Reid, JJ.