Michael Sanders JONES, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING DEPARTMENT OF TRANSPORTA-TION, Appellee (Respondent).

No. 98–262.

Supreme Court of Wyoming.

Dec. 7, 1999.

Representing Appellant: R. Michael Vang of Kirkwood, Nelson & Vang, P.C., Laramie, Wyoming.

Representing Appellee: Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; Clinton D. Beaver, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Michael Sanders Jones (Jones) appeals from the district court's order affirming the Office of Administrative Hearing's (OAH) decision to uphold the per se suspension of Jones' driver's license for driving while under the influence of alcohol. Jones argues he was denied his constitutional rights to due process and confrontation of witnesses when he did not receive discovery until the day before the hearing and the arresting officer did not attend the hearing.

Jones was not entitled to the discovery he received on the day before the hearing, he did not subpoena the arresting officer, and he did not ask for a continuance after learning the officer would not attend the hearing. Therefore, we affirm the decision of the district court.

## ISSUES

Jones presents the following issues for our review:

I. Does Wyoming Statute § 31–6–105(e) apply to implied consent hearings?

II. Did the hearing examiner err in denying Appellant's motion for a continuance based on Appellant's due process claim?

III. Was the Appellant's due process right to cross examination and right to confrontation of the only witness against him violated where the record indicated the arresting officer had been subpoenaed but he did not appear for the contested case hearing?

The Wyoming Department of Transportation (Department) responds with this statement of the issues:

1. Did the Hearing Examiner commit reversible error in denying Appellant's fourth motion to continue the evidentiary hearing after having granted Appellant's three previous motions for continuances?

2. Was Appellant denied his right to confront and cross-examine the arresting officer, because the state did not call the arresting officer as a witness at the evidentiary hearing?

## FACTS

A Saratoga police officer noticed Jones stopped in the middle of the road and with his headlights off at 10:49 p.m. on July 26, 1997. Upon investigation, the officer determined Jones was intoxicated and arrested him for driving while under the influence in violation of the municipal ordinance which substantially conforms with Wyo. Stat. Ann. § 31–5–233 (LEXIS 1999). Following his arrest, Jones submitted to a chemical breath test, with readings taken at 11:26 p.m. and 11:30 p.m. The results of the test showed an alcohol concentration of 0.16 percent. Based on those results, the arresting officer gave Jones a notice of suspension which informed him that his license would be suspended for ninety days pursuant to Wyo. Stat. Ann. § 31–6–103(b) (LEXIS 1999). The notice also informed him of his right to request a contested case hearing before the OAH.

Jones requested a contested case hearing pursuant to Wyo. Stat. Ann. § 31–6–103 (LEXIS 1999). The Department referred the case to the OAH for hearing on August 26, 1997. On September 3, 1997, the OAH set the case for hearing to be held on October 15, 1997. That hearing was vacated and continued three times because Jones' attorneys withdrew from the case. On December 19, 1997, Jones filed another motion for continuance because his expert witness had a scheduling conflict and he had not yet received requested discovery information for review by his expert witness. The OAH denied the motion for continuance, finding no

good reason for further delay because the hearing had been continued three times, Jones' current attorney had a month to prepare for the hearing, and he had agreed to the date of the hearing.

After the December 23, 1997, hearing, the hearing examiner upheld the per se suspension of Jones' license. Jones filed a petition for judicial review with the district court. The district court determined the hearing examiner did not err in denying the continuance, Jones was not entitled to the information he was requesting, and Jones was not denied his right to confront and cross-examine the arresting officer because he did not subpoena the officer to ensure his attendance at the hearing. Jones filed a timely appeal with this Court pursuant to W.R.A.P. 12.

## DISCUSSION

### Standard of Review

Our review of administrative action is limited to a determination of the matters specified in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999):

> To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> * * *
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or

> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

The basic underlying facts in this case are undisputed, leaving only questions of law, which we review *de novo*. Jones contends the district court erred when it determined Wyo. Stat. Ann. § 31–6–103(c) limits the discovery available for a contested case hearing. He also contends that if the statute limits discovery, it violates his constitutional right to due process. As his third issue, he argues that the absence of the arresting officer at the hearing violated his constitutional right to confront and cross-examine witnesses.

### Discovery Requests

█ Before the contested case hearing, Jones requested information concerning the equipment used to perform the chemical breath analysis, the Intoximeter 3000. He requested a continuance of the hearing on December 19, 1997, because he had not received the requested information. The OAH denied his motion on the same day. Jones contends the denial of his motion was reversible error because he was not able to defend himself by challenging the test results. Because Jones' motion for continuance was based on his belief that he was entitled to discovery before the contested case hearing, our resolution of the discovery issue also resolves the continuance issue.

Wyo. Stat. Ann. § 31–6–103 (LEXIS 1999) provides for a contested case hearing before a license is suspended pursuant to our implied consent law. Section 31–6–103(c) states:

> Prehearing discovery, available to any interested party is limited to access to the notice of suspension, signed statement and any accompanying documentation submitted by the arresting officer. **Other types of discovery available under other law are not available in a hearing under this section.**

Wyo. Stat. Ann. § 31–6–103(c) (LEXIS 1999) (emphasis added).

However, Jones argues his request for information was authorized by Wyo. Stat. Ann. § 31–6–105(e) (LEXIS 1999), which provides:

Upon the request of a person who submits to a chemical test or tests at the request of a peace officer, full information concerning the test or tests shall be made available to the person or his attorney.

Although the information Jones requested may be available to him pursuant to section – 105(e), it clearly is not discoverable information in a contested case hearing under section –103(c). The district court correctly determined that the limited discovery provision in the section providing for the contested case hearing controls contested case practice. Contrary to Jones' contention that this interpretation renders section –105(e) meaningless, the broader scope of information provided for by section –105(e) is available for use in criminal trials. In fact, if the broad discovery allowed by section –105(e) was allowed in a contested case, section –103(c) would be rendered meaningless.

■ Jones further contends that if Wyo. Stat. Ann. § 31–6–103(c) is used to limit discovery in a contested case, the statute is unconstitutional because the legislature lacks the authority to limit discovery in a contested case hearing. He bases that contention on the procedural due process rights that apply to the suspension of a driver's license and his right to defend himself through access to the courts in accordance with Article 1, § 8 of the Wyoming Constitution.

In *Miller v. Schwartz*, 72 N.Y.2d 869, 532 N.Y.S.2d 354, 528 N.E.2d 507 (1988), Miller tried to compel discovery relating to the radar device used when he was charged with a speeding violation, claiming limited discovery unconstitutionally deprived him of due process of law. *Id.* 532 N.Y.S.2d 354, 528 N.E.2d at 508. The New York Court of Appeals held:

It is settled, however, that there is no general constitutional right to discovery in criminal cases (*see, Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 84[6], 51 L.Ed.2d 30 [1977] ) or administrative proceedings (*see, National Labor Relations Bd. v. Interboro Contrs.*, 2 Civ., 432 F.2d 854, 857–858 [2nd Cir.1970], *cert. denied*

402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 [1971] ). Such matters are regulated by statute or rule and since petitioner had no statutory or regulatory right to pretrial discovery here, his request was properly denied.

*Id.*

Similarly, in implied consent contested case hearings, Wyo. Stat. Ann. § 31–6–103(c) limits discovery and there is no constitutional right for broader discovery. Jones was not entitled to discovery of the information concerning the Intoximeter 3000, and his constitutional rights were not implicated when he did not receive the information until the day before the hearing.

### Right to Confront Arresting Officer

■ Jones contends his due process right to confront and cross-examine the only witness against him was violated when the arresting officer did not appear for the hearing. Jones assumed that because a document in the certified record indicated a subpoena was issued for the contested case hearing, he did not have to subpoena the arresting officer. However, the subpoenas issued to the arresting officer were issued for the first two scheduled hearings. No subpoenas were issued for the hearing scheduled for November or the December 23, 1997, hearing.

■ A driver's constitutional rights to confront and cross-examine the arresting officer are satisfied by the driver's ability to subpoena the officer. *Dept. of Rev. and Taxation v. Hull*, 751 P.2d 351, 355 (Wyo.1988). If the hearing officer affords the driver the opportunity to secure the attendance of the arresting officer, due process has been made available. *Id.* The notice of suspension and temporary license form given to Wyoming drivers by the arresting officer advises the driver of his right to subpoena the officer, stating "[i]f you want the peace officer at the hearing, *you* must specifically request that the officer be subpoenaed and *you* will be liable for any expenses incurred because of the subpoena." The only reason Jones was not able to confront and cross-examine the officer was his own failure to utilize his right to subpoena the officer to secure his attend-

ance at the hearing. He was not denied due process.

Jones contends he was misled into believing a subpoena was issued. Even if this were so, he admits he knew the day before the hearing that the officer was not going to be present. Yet he failed to request a continuance or to attempt to serve the officer with a subpoena before the hearing. Jones' failure to act does not amount to denial of due process.

*The Observation Period*

█ As a final matter, Jones contends he needed the discovery information and to question the arresting officer in order to challenge the breath test results. Specifically, he relies on *State v. McCaslin,* 894 S.W.2d 310, 311–12 (Tenn.Cr.App.1994), to argue the officer did not properly observe him for twenty minutes prior to the test. *McCaslin* held that since the officer could not "say with certainty that the defendant did not regurgitate while out of his view in the backseat of the patrol car," the breath test was not admissible. *Id.*

Jones fails to recognize that the requirements for the observation period in *McCaslin* mirror the requirements found on the checklist for the breath test in this case, which the arresting officer completed and signed under oath. *Id.* at 311. The hearing examiner's conclusions of law included the following:

> The Wyoming Chemical Testing Program Intoximeter 3000 Operational Checklist is the method approved for performing chemical analysis pursuant to Wyo. Stat.

§ 31–6–105 (1991). One part of the checklist is the requirement that the subject be observed, and not allowed to engage in certain activities, for 20 minutes prior to testing. The checklist in this case proves Licensee was observed for 37 minutes (2249 hours to 2326 hours) prior to testing.

The officer's sworn statement that he observed Jones, and Jones did not engage in the activities which might affect the result of the test, distinguishes this case from *McCaslin,* where the officer could not make that statement with certainty. *Id.*

**CONCLUSION**

Discovery in an implied consent contested case hearing is limited to the information allowed pursuant to Wyo. Stat. Ann. § 31–6–103(c) (LEXIS 1999). Jones was not entitled to the information he requested and therefore was not entitled to a continuance when the Department failed to provide him with that information until the day before the hearing. Jones had the opportunity to subpoena the arresting officer for the hearing, but failed to do so. He was not denied his constitutional right to due process when the officer was not present at the hearing. We affirm the order upholding the ninety day suspension of his license.