IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 18, 2001 Session

## STATE OF TENNESSEE v. BRAD STEPHEN LUCKETT

**Appeal from the Criminal Court for Rutherford County**
**No. M-47578     J. Steve Daniel, Judge**

---

### No. M2000-00528-CCA-R3-CD - March 8, 2001

---

The Defendant was convicted by a jury of driving under the influence of an intoxicant, second offense. In this direct appeal, the Defendant contends that the trial court erred by admitting the results of his breath-alcohol test. The Defendant argues that the State failed to prove that he was continuously observed for twenty minutes prior to taking the test, and that one of the requirements for the admissibility of the test results was therefore not satisfied. We affirm the judgment of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

V. Michael Fox, Nashville, Tennessee, for the appellant, Brad Stephen Luckett.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, and William A. Osborne, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant, Brad S. Luckett, was convicted by a jury of driving under the influence of an intoxicant (DUI), second offense, and sentenced to eleven months, twenty-nine days, to serve fifty days, with the balance of the sentence to be served on probation. In this direct appeal, the Defendant

contends that the trial court erred in admitting the results of his breath-alcohol test.[1] Upon our review of the record and relevant legal authority, we affirm the judgment of the trial court.

At approximately four o'clock on the morning of January 30, 1999, Officer Jeff Jones of the Smyrna Police Department observed the Defendant run a red light. Officer Jones initiated his blue lights and fell in behind the Defendant. The Defendant pulled over and stopped. Officer Jones approached the Defendant and asked to see his license, which the Defendant produced. Officer Jones noticed the odor of alcohol on the Defendant's breath and asked him if he had been drinking. The Defendant responded that he had had "a couple." Officer Jones requested the Defendant to step out of his vehicle and to perform some field sobriety tests. The Defendant performed the one-leg stand; the heel-to-toe; and the finger-to-nose sobriety tests. The Defendant's performance on these tests, together with the odor of alcohol that Officer Jones noticed and the Defendant's admission to having had "a couple" of drinks, led Officer Jones to arrest him for DUI.

Officer Jones took the Defendant to the police station and seated him at the side of his desk. Officer Jones testified that the Defendant was within an arm's length away. The two conversed for the majority of a period of at least twenty minutes. During this time Officer Jones watched the Defendant while he completed some paperwork. At one point Officer Jones rolled back in his chair, turned to reach for some forms, and lost sight of the Defendant for approximately thirty seconds. Officer Jones admitted that he did not maintain "eye to eye" contact with the Defendant for the entire twenty minutes. However, Officer Jones testified that he was within reach of the Defendant for the entire time; could hear the Defendant; and had him at least in his peripheral vision for the entire time other than when he turned to get the forms. Officer Jones testified that the Defendant did not burp, regurgitate, vomit, smoke or eat during this time. Officer Jones further testified that he did not think that the Defendant had anything in his mouth during the twenty minute period or at the time he administered the breath test to the Defendant. However, he also admitted that he did not ask the Defendant if he had any foreign matter in his mouth prior to administering the test. The results of the test indicated that the Defendant's blood alcohol level was .19 percent.

The Defendant contends on this appeal that, because Officer Jones did not maintain uninterrupted eye contact with him for the entire twenty minute period and because he did not confirm that the Defendant had no foreign material in his mouth, the trial court should have ruled the results of the breath test inadmissible. We respectfully disagree.

In State v. Sensing, 843 S.W.2d 412 (Tenn. 1992), our supreme court set forth six elements that the State must establish before the results of a breath-alcohol test may be admitted:

---

[1] Prior to trial, the Defendant filed a motion to suppress the results of his breath-alcohol test. The trial court denied the motion after a hearing. The Defendant subsequently objected at trial to the admissibility of the test. We have considered the relevant testimony offered at both the motion hearing and at trial in determining whether the trial court erred in ruling the breath-alcohol test results admissible. See State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998) ("[I]n evaluating the correctness of a trial court's ruling on a pretrial motion to suppress, appellate courts may consider the proof adduced both at the suppression hearing and at trial.")

1.  The test was performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation;

2.  The testing officer was properly certified in accordance with those standards;

3.  The evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed;

4.  The motorist was observed for twenty minutes prior to the test, and during this period, did not have foreign matter in his or her mouth, did not consume any alcoholic beverage, smoke, or regurgitate;

5.  The testing officer followed the prescribed operational procedure; and

6.  The testing officer identifies the printout record offered in evidence as the result of the test given to the person tested.

See id. at 416.  It is the fourth of these requirements that the Defendant claims was not satisfied in this case.

The purpose of the fourth requirement is to ensure "that no foreign matter is present in the defendant's mouth that could retain alcohol and potentially influence the results of the test."  State v. Cook, 9 S.W.3d 98, 100-01 (Tenn. 1999).  Thus, this Court has found that

[t]he twenty minute observation requirement of Sensing carries with it two distinct elements.  The first is that the State must demonstrate that the Defendant was observed for twenty minutes.  An officer may not guess, estimate or approximate the amount of time the subject was under observation.  The second element of the requirement is that the State must establish that the subject did not smoke, drink, eat, chew gum, vomit, regurgitate, belch or hiccup during the twenty minutes prior to taking the test.

State v. John H. Hackney, No 01C01-9704-CC-00152, 1998 WL 85287, at *2 (Tenn. Crim. App., Nashville, Feb. 20, 1998); State v. Harold E. Fields, No. 01C01-9412-CC-00438, 1996 WL 180706, at *2 (Tenn. Crim. App., Nashville, Apr. 12, 1996).  In this case, Officer Jones testified that he began the observation period at 4:04 a.m.  The test was administered at 4:32 a.m.  Thus, the State established that Officer Jones observed the Defendant for twenty minutes.  However, the Defendant

contends that the observation period was not continuous and that the State has thereby failed to satisfy the second element of the observation requirement.

During the observation period, the Defendant sat next to Officer Jones' desk while Officer Jones sat behind the desk. Jones described the distance between himself and the Defendant as "[a] foot-and-a-half, within arm's reach." The two conversed and Officer Jones filled out the relevant paperwork. Jones testified that he observed the Defendant for the twenty minutes required, and the Defendant did not smoke or drink anything or put anything in his mouth during the observation period. He testified that he "didn't notice anything during [their] conversation that would have led [him] to believe [the Defendant] had anything in his mouth." Officer Jones admitted that, when he rolled his chair back to retrieve some forms, he lost eye contact with the Defendant for twenty to thirty seconds. Jones was, however, within four feet of the Defendant during this brief interval, and noticed nothing via his other senses to indicate that the Defendant quickly put anything in his mouth from either an external or internal source.

The Defendant argues that the officer's failure to maintain a continuous, uninterrupted "eyeball to eyeball" watch over him renders the observation period invalid and the breath-alcohol test thereby inadmissible. The State disagrees, arguing that Sensing does not require "completely uninterrupted eye contact with the suspect during the entire period."

We first note that "[t]he state must establish compliance with Sensing by a preponderance of the evidence." State v. Deloit, 964 S.W.2d 909, 916 (Tenn. Crim. App. 1997). This Court, in turn, must presume that the trial court's Sensing decision is correct unless the preponderance of the evidence is to the contrary. See State v. Edison, 9 S.W.3d 75, 78 (Tenn. 1999).

This Court has wrestled with this issue on numerous occasions. In State v. Richard Korsakov, No. EI999-01530-CCA-R3-CD, 2000 WL 968812, at *6 (Tenn. Crim. App., Knoxville, July 13, 2000), for instance, a panel of this Court held that Sensing does not require an "unblinking gaze for twenty minutes." We also stated in that case, however, that "the officer must be watching the defendant rather than performing other tasks." Id. In Korsakov, the trial court admitted the breath test after finding that the officer had been directly facing the defendant and would have detected the defendant's movements through his peripheral vision while he completed his paperwork. Id. at *4. This Court disagreed with the trial court and found that the test should not have been admitted: "[the officer's] belief that he would have heard or smelled anything he did not see does not satisfy the prerequisite that the defendant must be observed for twenty minutes." Id. at *6.

In Harold E. Fields, 1996 WL 180706, another panel of this Court affirmed the trial court's refusal to admit a breath test on the grounds that "the deputy's times were mere estimates and the deputy failed to keep the [defendant] in his view for twenty minutes." Id. at *1. During the observation period, the deputy filled out paperwork while he was in the same room with the defendant. This Court noted its concern that, "[w]hile often a belch or regurgitation will produce a noise capable of being heard by another person, this is not always the case." Id. at *3.

-4-

In Deloit, 964 S.W.2d at 915-16, the trial court concluded that the twenty-minute observation period included some minutes while the defendant sat in the back of the police car as the arresting officer filled out paperwork in the front seat. The officer testified that, during this time in the car, he was talking to the defendant and could see the defendant via his rearview mirror. Id. at 915. The trial court admitted the breath test, and this Court found the admission to be error, noting that "[t]he officer conceded that he could not observe the defendant while writing on the arrest report." Id. at 916. The Deloit panel relied on the Fields decision as "requir[ing] that the officer 'continuously observe[ ] the test subject, with his or her eyes, for the entire twenty-minute observational period.'" Id. at 916-17 (quoting Harold E. Fields, 1996 WL 180706, at *3).

In State v. Gregory L. Parker, No. M1999-00209-CCA-R3CD, 1999 WL 1296018 (Tenn. Crim. App., Nashville, Dec. 30, 1999), the twenty-minute observation period included the time during which the defendant performed field sobriety tests. The arresting officer testified that, during this period, the defendant "did not belch, regurgitate, smoke, drink, or put anything into his mouth." Id. at *1. The officer also conceded, however, "that the defendant could have belched while he had his back turned as he walked to the patrol car, but that he saw no indication of that." Id. The trial court admitted the results of the breath test upon finding that the officer had been "'[w]ithin arm's reach of the defendant, watching him' and talking 'face-to-face'" with the defendant. Id. This Court affirmed the trial court's admission of the test, finding that "the officer was in close proximity of the defendant for a six-minute interval preceding the nineteen-minute observation period and there was no indication of regurgitation during the entire time." Id. at *2.

In rendering our decision in this case, we return to the reason for the twenty-minute observation period: to "ensure[ ] that no foreign matter is present in the defendant's mouth that could retain alcohol and potentially influence the results of the test." Cook, 9 S.W.3d at 101. Our supreme court has found that, "[i]f credible proof establishes that the subject did not have foreign matter in the mouth, did not consume any alcoholic beverage, and did not smoke or regurgitate, then the rule is satisfied . . . ." State v. Hunter, 941 S.W.2d 56, 57-8 (Tenn. 1997). Thus, we do not think that an unblinking gaze is necessary to establish the emptiness of the suspect's mouth. Indeed, as was discovered in Cook, an unblinking gaze would not discover a suspect's dentures, even though such might constitute foreign matter that would affect a breath-alcohol test. See Cook, 9 S.W.3d at 101. An unblinking gaze might not reveal a small burp either, if the observing officer were not sufficiently close to the suspect.

We find that the purpose of the observation period is satisfied where, as here, the officer remains in very close proximity to the defendant for the entire time, engages him or her in conversation (which would assist in determining the presence of foreign matter in the mouth), and loses direct eye contact for only brief intervals of time. In this case, Officer Jones testified that, during the twenty-minute observation period, he was within one and one-half feet of the defendant except for a twenty to thirty second interval when he was no more than four feet away. Officer Jones testified that, during this time, he neither saw nor heard anything to indicate that the defendant had any foreign matter in his mouth. We acknowledge the officer's candid admission that, during the brief time he rolled back in his chair and turned to retrieve some forms, he could not be "100 percent"

certain that the defendant did not put anything in his mouth. However, if a suspect so much as coughed or sneezed and simultaneously raised his hand to his mouth, the observing officer would similarly not be able to testify to "100 percent" certainty. In our view, Sensing does not require 100 percent certainty. Rather, the State must establish by a preponderance of the evidence that the defendant's mouth was free of foreign matter for a period of twenty minutes prior to his taking the breath-alcohol test. Here, the State succeeded in meeting that burden. The trial court committed no error in admitting the breath-alcohol test results, and this issue is therefore without merit.

       The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE