# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 15, 2001 Session

## STATE OF TENNESSEE v. DONALD LEE REID

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-T-784    Seth Norman,  Judge**

---

**No. M2000-02026-CCA-R3-CD  - September 7, 2001**

---

A Davidson County jury found Donald Lee Reid guilty of driving under the influence, first offense.  The trial court imposed a sentence of 11 months and 29 days, suspended after service of 15 days confinement, and a fine of $500.00.  Reid challenges his conviction, his sentence, and his fine. He raises the following issues on appeal: (1) whether the trial court erred in not conducting a jury-out hearing on the defendant's motion in limine regarding the admissibility of the defendant's BAC test results; (2) whether the trial court erred in allowing the results of the BAC test into evidence; (3) whether the trial court  erred in refusing to instruct the jury on driving while impaired as a lesser-included offense of driving under the influence; (4) whether the defendant's sentence is excessive; and (5) whether the trial court unconstitutionally imposed a fine of $500.00 since the defendant did not waive his right for the jury to assess the fine.  After a careful review of the record, we remand for a jury to assess the fine but affirm in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part; Reversed in Part; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOD WITT, JR., JJ., joined.

V. Michael Fox, Nashville, Tennessee, for the appellant, Donald Lee Reid.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At around 10:30 p.m. on May 3, 1999, the defendant was driving his vehicle and struck the rear of a vehicle belonging to Charles Robinson, who had just pulled his car to the side of the road

following a traffic accident. When Robinson approached the defendant, he noticed the defendant smelled of alcohol and appeared to be unusually relaxed. Officer James Freeman, Jr. assisted with the investigation of the accident. He observed that the defendant smelled strongly of alcohol, was very talkative, and swayed as he walked. The defendant told Officer Freeman he had consumed a few cocktails that evening and had not eaten since lunch.

Officer Freeman asked the defendant to perform two field sobriety tests, the "walk and turn" test and the one leg stand. He did not successfully complete either test. Officer Freeman arrested the defendant and transported him to the Criminal Justice Center for a breath alcohol test.

The tachograph on Officer Freeman's patrol car, which is a device for recording the time of the car's movements, indicated it arrived at the Criminal Justice Center at approximately 11:35 p.m., while the printout from the defendant's breath alcohol test results showed the test was administered upon the defendant at approximately 11:46 p.m., eleven minutes later. Officer Freeman opined that the tachograph readings were incorrect.

Virginia Dwyer, a certified breath alcohol technician, administered the defendant's test on an Intoxilizer 1400 machine. She testified the machine was certified by the TBI every 90 days. Further, she stated the machine was daily tested for accuracy using a "wet bath," a known solution of .10 percent alcohol. Dwyer stated she observed the defendant for 22 minutes, beginning at 11:25 p.m., before administering the test. The defendant did not regurgitate, chew, eat or drink during that time. Furthermore, she observed no foreign matter in the defendant's mouth during this time. The defendant's test results indicated he had a breath alcohol level of .14 percent. Dwyer testified the defendant smelled of alcohol and told her he had consumed several cocktails.

TBI toxicologist John Harrison testified that on April 1, 1999, and again on July 16, 1999, he certified the Intoxilizer 1400 machine used to test the defendant's breath alcohol level on May 3, 1999. Harrison stated the daily "wet bath" tests performed on the machine exceeded the TBI 's standards for approval of scientific instruments or devices for breath alcohol testing, which require only a 90-day certification.

The defendant testified that he consumed a total of three alcoholic drinks between 6:30 p.m. and 10:30 p.m. First, he stated he ate dinner at the home of a business associate, where he drank one shot of brandy. Then he met friends at a restaurant, where, according to his testimony, he consumed food and drank two beers. He said he left the restaurant between 9:30 and 9:45 p.m.

The grand jury indicted the defendant on two counts, driving under the influence and driving under the influence *per se*. The jury acquitted the defendant of driving under the influence, but convicted him of driving under the influence *per se*.

# I. JURY-OUT HEARING

The defendant filed a motion to suppress the breath alcohol test results. It is unclear from the record if that motion was withdrawn by the defendant, but the defendant later filed a motion in limine requesting that the state be prohibited from introducing the results. On the day of trial, just prior to jury selection, the defendant brought the motion to the attention of the trial court. The trial court denied the motion after stating it must be brought as a motion to suppress presented prior to the day of trial. During the testimony of breath alcohol technician Virginia Dwyer, the defendant renewed his objection to the admissibility of the breath alcohol test results, but did not request a jury-out hearing on his motion. The trial court promptly overruled the defendant's objection.

The trial court erred in ruling that a challenge to the BAC results must be by motion to suppress filed prior to trial. In State v. Cook, the Tennessee Supreme Court addressed whether a motion to determine the admissibility of breath alcohol test results must be filed pretrial under Tenn. R. Crim. P. 12(b)(3). 9 S.W.3d 98, 101 (Tenn. 1999). The court noted the distinction between a motion to suppress, which claims the evidence was obtained by the state illegally, and an objection to evidence on the ground that the prosecution has failed to establish a sufficient foundation for its admission. *Id.* The court concluded an accused's objection to the admissibility of the BAC results on the grounds that the state had not laid a proper foundation as required by State v. Sensing, 843 S.W.2d 412 (Tenn.1992), may be made during trial rather than in a pretrial motion to suppress. Cook, 9 S.W.3d at 101.

Although the defendant timely challenged the admissibility of the BAC results, that does not resolve the issue of whether a jury-out hearing should have been conducted. Hearings on preliminary evidentiary matters may be conducted out of the hearing of the jury when the interests of justice require. Tenn. R. Evid. 104(c). However, trial courts have broad discretion in determining whether to utilize this procedure in a given case. *See* Cook, 9 S.W.3d at 102.

We believe a trial court ordinarily should conduct a jury-out hearing on the Sensing foundational requirements, as was done in Cook. *Id.* Otherwise, the trial court might find the Sensing requirements were not satisfied; yet, the jury might have already heard prejudicial testimony. A jury-out hearing in such a situation could prevent a mistrial.

In this case the defendant did not request a jury-out hearing on the Sensing requirements once the trial began. Regardless, if the trial court did err in not conducting a jury-out hearing, we are unable to find any prejudice to the defendant. For reasons hereinafter stated, the Sensing requirements were satisfied, and the BAC results were properly admitted. Thus, any error was harmless. Tenn. R. App. P. 36(b).

## II. ADMISSIBILITY OF THE BREATH ALCOHOL TEST RESULTS

The defendant also argues the state failed to establish the proper foundation for the admissibility of the defendant's breath alcohol test results. In <u>State v. Sensing</u>, the Tennessee Supreme Court established the now familiar threshold prerequisites for admissibility of breath alcohol testing device results without the benefit of expert testimony. For the test results to be admissible, a testing officer must testify (1) the tests were performed in accordance with TBI standards and operating procedure; (2) he or she was properly certified in accordance with those standards; (3) the instrument used was certified by the TBI, tested regularly for accuracy, and was working properly when the test was performed; (4) the motorist was observed for 20 minutes prior to the test, and during this period did not have foreign matter in his mouth, consume any alcohol, smoke, or regurgitate; (5) he or she followed prescribed operational procedure; and (6) identify the printout record as the result of the test given to the person tested. 843 S.W.2d at 416.

First, the defendant submits that the TBI's 106-day gap in certifying the intoxilyzer machine prevented the state from establishing a proper foundation for the admissibility of the defendant's test results. The TBI's standards for scientific instruments or devices to measure breath alcohol require that the instrument be tested using a control standard quantity of alcohol of known value once each 90 days, and the results of that test recorded. The proof established the TBI certified the machine on April 1, 1999, 32 days before the defendant's breath was tested on May 3, 1999. The TBI did not certify the machine again until July 16, 1999, more than 90 days from the April 1 certification. The proof also established that the Metropolitan police department tested the machine with a known alcohol solution on a daily basis. Toxicologist John Harrison testified that this daily testing exceeded the TBI standards. We find the proof presented at trial was sufficient to establish the instrument used to perform defendant's breath alcohol test was certified by the TBI within the 90-day period preceding the defendant's test, tested regularly for accuracy, and was working properly when the test was performed.

The defendant further submits that the state failed to prove the test administrator observed the defendant for 20 minutes prior to the administration of the breath alcohol test because the records from the tachograph in Officer Freeman's patrol car indicate a lapse of only twelve minutes from the time the defendant arrived at the Criminal Justice Center and the time of the test. However, breath alcohol technician Virginia Dwyer testified she observed the defendant for a period of 22 minutes before she administered the test, and during that time he did not eat, drink, smoke, belch, or regurgitate. She observed no foreign matter in his mouth during this time. Further, Officer Freeman opined that the tachograph's time records were incorrect, meaning the tachograph's timer was not synchronized with the intoxilyzer's timer. We conclude the state established the defendant was observed for 20 minutes prior to the test as required by <u>Sensing</u>.

For these reasons, we find that the trial court correctly ruled that the results of the breath alcohol tests were admissible. This issue is without merit.

### III. ADULT DRIVING WHILE IMPAIRED AS LESSER-INCLUDED OFFENSE OF DRIVING UNDER THE INFLUENCE

The third issue raised by the defendant is whether the trial court erred in failing to charge the jury as to adult driving while impaired as a lesser-included offense of driving under the influence. An offense is a lesser-included offense if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
>
> (1) a different mental state indicating a lesser kind of culpability; and/or
>
> (2) a less serious harm or risk of harm to the same person, property or public interest;
> . . . .

State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999).

Driving under the influence is defined in Tenn. Code Ann. § 55-10-401(a) as follows:

> It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:
>
> (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or
>
> (2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

Adult driving while impaired is defined by Tenn. Code. Ann. § 55-10-418 (a) as follows:

> A person twenty-one years (21) of age or older who drives or is in physical control of a motor vehicle while such person's ability to safely operate the vehicle is impaired as the proximate result of the

consumption or ingestion of alcohol, drugs, any other intoxicant or any combination thereof commits the offense of adult driving while impaired.

Count 1 of the indictment charged the defendant with driving under the influence as defined by Tenn. Code Ann. § 55-10-401(a)(1). The jury acquitted him of the charge; therefore, the question as to whether adult driving while impaired is a lesser-included offense of driving under the influence as defined by subsection (a)(1) is moot. Thus, the question before this court is whether the trial court should have charged the jury as to adult driving while impaired as a lesser-included offense of driving under the influence *per se* as defined by Tenn. Code Ann. § 55-10-401(a)(2).

In State v. Harold W. Humphreys, C.C.A. No. M2001-00333-CCA-R3-CD, 2001 WL 844400, at *9 (Tenn. Crim. App. filed July 26, 2001, at Nashville), this court held that, under both part (a) and part (b) of the Burns analysis, the offense of adult driving while impaired is not a lesser-included offense of driving under the influence because adult driving while impaired requires a different element of proof; namely, the defendant must be 21 years of age, and this element does not establish a lesser kind of culpability or less serious harm or risk of harm. We reach the same conclusion with regard to driving under the influence *per se* and driving while impaired. Therefore, we find that adult driving while impaired is not a lesser-included offense of driving under the influence *per se*.

## IV. SENTENCE

The defendant argues his sentence of 11 months and 29 days, all of which was suspended except for 15 days of confinement, is excessive. It is the duty of the appellant to prepare an adequate record for appellate review which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). The transcript of the sentencing hearing reveals the sole evidence submitted to the trial court by the defendant and the state was the pre-sentence report. Since the pre-sentence report is not in the record, we must presume that the trial court's determination was correct. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999).

## V. FINE

In his last issue, the defendant argues that the fine of $500 assessed against him by the trial judge is improper because he did not waive his right to have a jury set a fine in excess of $50. Article VI, §14 of the Tennessee Constitution provides:

No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars.

Tenn. Code Ann. § 40-35-301(b) prescribes the method by which a fine in excess of $50.00 should be fixed. A trial judge may not set a fine of more than $50 unless: (1) the defendant waives his right for a jury determination of the fine, or (2) the fine is statutorily specified and allows no judicial discretion in its imposition. State v. Martin, 940 S.W.2d 567, 570 (Tenn. 1997).

We have reviewed the record in the instant case, including the technical record, the transcript of the evidence, arguments by counsel, the jury charge, and the trial court's minutes and orders. The jury charge only asked the jury to determine guilt or innocence and made no mention of a fine. The verdict of the jury as announced in open court, apparently without the use of a written verdict form which we customarily see, only made a finding of guilt without mention of a fine. Therefore, nothing in the record indicates there was a waiver by the defendant of his right to have the fine fixed by the jury. The trial judge was required to exercise discretion in setting the fine because the statute prescribes a minimum fine as well as a maximum fine. Therefore, the trial judge lacked the authority to set a fine over $50. Thus, we remand this cause for the proper assessment of the fine. If the defendant does not properly waive the right of a jury to assess the fine, a new jury must be empaneled to fix the amount of the fine. *See id.* (holding the remedy for violation of the right for jury assessment of a fine is a remand for the empaneling of a new jury to fix the amount of the fine).

## CONCLUSION

Based upon our analysis, the case is remanded for the proper assessment of the fine. In all other respects, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE