IN THE SUPREME COURT OF TENNESSEE

FILED

December 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

AT NASHVILLE

FOR PUBLICATION

Filed: December 20, 1999

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | Coffee County |
| Vs. | ) | |
| | ) | Hon. Gerald L. Ewell, Sr., Judge |
| WILLARD C. COOK, SR., | ) | |
| | ) | No. M1995-00011-SC-R11-CD |
| Appellant. | ) | |

**For the Appellant:**

Robert S. Peters
SWAFFORD, PETERS & PRIEST
Winchester, Tennessee

**For the Appellee:**

John Knox Walkup
Attorney General and Reporter

Michael E. Moore
Solicitor General

Peter M. Coughlan
Assistant Attorney General
Nashville, Tennessee

**O P I N I O N**

AFFIRMED                                          Anderson, C.J.

We granted this appeal to determine whether dentures constitute "foreign matter" requiring invalidation of a breath-alcohol test result and to consider whether the admission of a breath-alcohol test result must be challenged by a pretrial motion under Tenn. R. Crim. P. 12(b)(3) or whether an objection may be made at trial.

After a jury-out hearing, the trial court concluded that the presence of dentures did not preclude admission of the breath-alcohol test result. The defendant was thereafter convicted of driving under the influence of an intoxicant.

The Court of Criminal Appeals affirmed the conviction, holding that the record was insufficient to explain what effect, if any, the presence of dentures had on the test results and that the officer administering the test in this case was justified in relying on the defendant's response that he had no foreign matter in his mouth. A majority of the court further stated that a defendant is not required to challenge the admissibility of breath-alcohol test results prior to trial.

After reviewing the record and applicable authority, we agree with the lower courts that the defendant's dentures were not shown to have affected the breath-alcohol test result in this case. We also hold that because the burden of establishing a foundation for the admissibility of a breath-alcohol test lies with the prosecution, a defendant may challenge its admissibility either before or during the trial.   _

**BACKGROUND**

The defendant, Willard C. Cook, Sr., was stopped in the early morning hours of July 11, 1993, by a Tennessee Highway Patrolman. Cook's car had been drifting from lane to lane and was about to make an improper turn onto a one-way street. Cook had an odor of alcohol on his breath and bloodshot eyes. Cook told the officer he had been drinking, and he failed two field sobriety tests.

Cook was arrested for driving under the influence of an intoxicant and taken to the Coffee County Jail. He agreed to take a breathalyzer test and signed the consent form. Coffee County Jailer Charles Jones administered the test, which determined that Cook's blood alcohol content was .13%.

Prior to Jones' testimony at trial, defense counsel objected to the admission of the results of the breath-alcohol test. The trial court said that the objection should have been made prior to trial pursuant to Tenn. R. Crim. P. 12(b)(3), but nonetheless held a jury-out hearing. Jones testified in the hearing that he had asked whether Cook had any foreign matter in his mouth prior to administering the test, and Cook replied that he "had nothing." Jones admitted that he was unaware that Cook was wearing dentures with a cotton pad and that had he known, he would have had Cook remove them before taking the test. Jones testified, however, that he had never been instructed that dentures affect a test.

The trial judge ruled that the presence of dentures went to the weight of the test results and not to their admissibility. After the trial resumed and in the jury's presence, Jones reiterated that he did not know that Cook had been wearing dentures. Had he known, Jones would have asked Cook to remove the dentures because foreign matter can affect a test result. Jones also testified, however, that the breathalyzer used, the Intoximeter 3000, will abort a test if it reads alcohol from a mouth instead of from the deep lung area, and will dispense a print-out stating "mouth alcohol." Jones testified that the machine did not do so in this case. The jury convicted Cook of driving under the influence.

The Court of Criminal Appeals affirmed the conviction. The court determined that there was no evidence in the record showing that the presence of dentures affected the test results in this case. Although the court observed that other jurisdictions do not consider dentures to be foreign matter that would bar admission of test results, it did not

3

decide the issue. Finally, a majority of the court ruled that a defendant is not required to file a pretrial motion to challenge the admissibility of breath alcohol test results.

We granted review to address these issues.

### ANALYSIS

We begin our analysis by reviewing the prerequisites that must be established as a foundation for the admission of breath-alcohol test results. First, the testing operator must testify that the test used followed Tennessee Bureau of Investigation standards. Second, the operator must be certified in accordance with those standards. Third, the machine must be certified, tested regularly for accuracy, and working properly. Fourth, the motorist must be personally observed for the requisite twenty minutes before taking the test, during which time the defendant did not have foreign matter in his mouth, consume alcohol, smoke, or regurgitate. Fifth, the operator must follow the instrument's prescribed operational procedure. Lastly, the operator must identify the test results offered in evidence. State v. Sensing, 843 S.W.2d 412, 416 (Tenn. 1992).

The fourth Sensing requirement--that the prosecution establish that a defendant's mouth was free from foreign matter for twenty minutes prior to the administration of the breath-alcohol test--ensures that no foreign matter is present in the defendant's mouth that could retain alcohol and potentially influence the results of the test. Id.; see also People v. Witt, 630 N.E.2d 156, 158 (Ill. App. Ct. 1994) (stating that important considerations are whether the defendant had any food or drink, smoked a cigarette, or put anything in his mouth that would have tainted the results); Farr v. Director of Revenue, 914 S.W.2d 38, 40 (Mo. Ct. App. 1996) (recognizing "oral intake" could taint the result or prevent the operation of a breath-alcohol test). We did not in Sensing attempt to delineate all possible items that may constitute foreign matter.

We therefore agree with the Court of Criminal Appeals that we need not determine whether dentures, as a matter of law, constitute foreign matter that affect a

4

breath-alcohol test and render the result inadmissible. The evidence in the record establishes that Cook was observed for the requisite period of time in accordance with Sensing, and nothing unusual was detected. Cook was asked if he had any foreign matter and replied that he did not. Cook did not state or indicate that he was wearing dentures. Although the administering officer testified he would have had Cook remove the dentures, the officer could not opine as to the effect of the dentures, if any, on the results of the test. The officer further testified, however, that the intoximeter used to conduct the test would have shut down had it detected the presence of mouth alcohol and would also have issued a print-out stating "mouth alcohol." It did neither when it was administered to Cook. Accordingly, we hold that the evidence does not preponderate against the trial court's decision to admit the results of the breath-alcohol test in this case.

### Pretrial Motion

We now turn to the issue of whether a defendant must challenge the admissibility of breath-alcohol test results prior to trial. In general, a "motion to suppress evidence" must be filed prior to trial. Tenn. R. Crim. P. 12(b)(3). The purpose of the rule

> is not only to avoid the unnecessary interruption and inefficiency in conducting jury trials caused by needlessly removing the jury from the courtroom for protracted suppression hearings, but also to ensure the right of the state to an appeal of an adverse ruling by the trial judge without placing the defendant twice in jeopardy.

State v. Randolph, 692 S.W.2d 37, 40 (Tenn. Crim. App. 1985).

Neither the terms of Rule 12(b)(3) nor Tennessee case law specifies what evidence must be challenged by means of a pretrial "motion to suppress." However, the comments to Rule 12(b)(3) state that the rule conforms to its federal counterpart. There is a distinction between filing a "motion to suppress evidence" prior to trial on the basis that evidence was obtained illegally, and objecting during trial where the prosecution has failed to establish a sufficient foundation for the admission of evidence. The decision in United States v. Barletta, 644 F.2d 50 (1st Cir. 1981) construes the federal counterpart to Tennessee's rule. The court explains:

5

At least as used in 12(b), "suppress" has a rather definite and limited meaning, as explained by the Advisory Committee notes accompanying the Rule. Motions to suppress are described as "objections to evidence on the ground that it was illegally obtained", including "evidence obtained as a result of an illegal search" and "other forms of illegality such as the use of unconstitutional means to obtain a confession." Put generally, then, suppression motions concern the "application of the exclusionary rule of evidence', or matters of "'police conduct not immediately relevant to the question of guilt" . . . .

Id. at 54 (citations omitted); see also United States v. Gomez-Benabe, 985 F.2d 607 (1st Cir. 1993) (motion to suppress must be made prior to trial; other motions to exclude evidence may be made during the trial).

We also think that requiring a pretrial motion is inconsistent with established Tennessee case law. In Sensing we said that the prosecution must meet six requirements to establish a foundation for the admissibility of breath test results: first, the testing operator must testify that the test used followed Tennessee Bureau of Investigation standards; second, the operator must be certified in accordance with those standards; third, the machine must be certified, tested regularly for accuracy, and working properly; fourth, the motorist must be personally observed for the requisite minutes before taking the test; fifth, the operator must follow the instrument's prescribed operational procedure; and sixth, the operator must identify the test results offered in evidence. Id. at 416. The prosecution's inability to meet one of these requirements means it has failed to establish a foundation for the admission of the breath test results. It does not mean that the evidence was illegally obtained by the State. Moreover, nowhere in Sensing did we state that a defendant must challenge these requirements prior to trial under Rule 12(b)(3). Indeed, the defendant in Sensing preserved the issue by objecting at trial.

The State's arguments for requiring a pretrial motion in all cases are unconvincing. First, a pretrial hearing is not required simply because it may reduce disruption or delay of the trial. Although pretrial procedures certainly have that advantage, the rules of evidence provide for other means by which to conduct a hearing "out of the hearing of the jury." Tenn. R. Evid. 104(c). In fact, trial courts have great

6

discretion in implementing a procedure by which to rule on evidentiary matters outside the jury's hearing. E.g., Neil P. Cohen et al., Tennessee Law of Evidence, § 104.3, at 27-28 (3d ed. 1995). The trial court did so in the present case.

Second, the prosecution must establish the Sensing requirements regardless of whether the issue is raised prior to trial or whether an objection is made at trial. Cohen et al., § 401.24, at 131 ("Compliance with State v. Sensing is a 'condition precedent' to the admissibility of the breath test.") (footnotes omitted). Accordingly, the State's comment that the defense counsel may engage in "sandbagging" by intentionally opting not to raise the matter prior to trial is dubious. Moreover, this Court should not require the defense to file a pretrial motion simply to advise the prosecution that it may have a defect in its proof or some problem in establishing the appropriate evidentiary foundation. The responsibility for establishing the Sensing requirements rests only with the prosecution, not the defense.

Finally, the State's concern for its right to appeal an adverse ruling is misplaced for two reasons. First, as we observed in Sensing:

> [I]t is a rare case in which the only evidence introduced to establish that a suspected offender is under the influence is either a breath or a blood test. In most cases there is the testimony of the arresting officer and others at the scene concerning the arrestee's driving pattern and their observations of the individual, including his speech, breath and eyes. Often a field sobriety test has been administered. Scientific tests are corroborative evidence and may serve to exonerate as well as to convict an accused in a close case.

Id. at 416-17 (emphasis in original). Second, the argument for preserving a possible appeal by the State would arguably apply to any evidentiary ruling made by the trial court that is adverse to the prosecution. If the position is carried to its logical conclusion, then a defendant would be required to seek pretrial suppression of each component of the prosecution's evidence--photographs, documents, physical evidence, proposed expert testimony--to avoid the penalty of waiver and to preserve a possible appeal by the

7

State in the event the evidence is excluded.[1] We have never given such a broad construction to Rule 12(b)(3).

## CONCLUSION

We conclude that the dentures worn by Cook were not shown to have affected the result of the breath-alcohol test and that the evidence therefore does not preponderate against the trial court's ruling. We further hold that a defendant is not required to challenge a breath-alcohol test by filing a pretrial motion pursuant to Tenn. R. Crim. P. 12(b)(3), but rather, may make a timely objection at trial if the prosecution has failed to establish the Sensing requirements. Accordingly, the judgment of the Court of Criminal Appeals is affirmed. Costs are assessed against the appellant, Willard C. Cook, Sr.

_____
Riley Anderson, Chief Justice

**Concur:**

Drowota, Birch, and Holder, JJ.

Barker, J., Not Participating

---

[1] For example, the State's position could be interpreted as requiring a defendant to file a pretrial motion to suppress fingerprint evidence, ballistics evidence, and other matters, even though the burden of establishing the foundation, relevance, qualifications, and other requirements for admissibility rests with the prosecution. Moreover, where the prosecution has failed to establish a foundation for the admission of evidence, an objection at trial has traditionally been deemed sufficient to preserve the issue.