# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 4, 2001 Session

## STATE OF TENNESSEE v. HAROLD D. ARNOLD

**Appeal from the Circuit Court for Madison County**
**No. 00-651     Donald H. Allen, Judge**

---

### No. W2001-01450-CCA-R3-CD  - Filed February 11, 2002

---

The Defendant, Harold D. Arnold, pled guilty to driving under the influence of an intoxicant and failure to maintain an accurate log book after the trial court denied his motion to suppress the results of a breath analysis test.  The Defendant properly reserved a certified question of law for this Court to determine whether the trial court erred in denying the Defendant's motion to suppress.[1]  We reverse the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Harold D. Arnold.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 28, 2000, Deputies Marc Byrum and David Watts responded to a call concerning a possible drunk driver of an "eighteen wheeler" tractor-trailer.  Upon arrival, the Deputies observed the truck partially lodged in a ditch.  A wrecker was called and the Defendant was taken into custody at approximately 11:24 p.m.  At 11:30, the officers began to transport the Defendant to the Madison County jail.  They arrived at the jail at 11:44 p.m.  Deputy Byrum reviewed the implied consent form with the Defendant and prepared the breath analysis machine, and at 11:53 p.m. the breath analysis test was administered.  The test revealed that the Defendant's blood alcohol concentration was .12%.

---

[1]We note that the conviction was entered pursuant to Tenn. Code Ann. § 55-10-401(a)(2), which prohibits driving while having an alcohol concentration of ten hundredths or more.  The certified question is therefore dispositive of the case.

While transporting the Defendant to the jail, both officers sat in the front seat of the patrol car, and the Defendant sat in the back. The Defendant's hands were handcuffed behind him. Deputy Watts testified that he observed the Defendant and engaged him in conversation during the ride to the jail. Deputy Watts acknowledged that he did take his eyes off the Defendant periodically during the drive and while exiting the vehicle, but the Defendant did not belch, regurgitate, or place anything in his mouth during the twenty minutes prior to the breath analysis test.

Deputy Byrum testified that he drove the patrol car to the jail and administered the breath analysis test. However, Deputy Byrum stated that he did not in continuously observe the Defendant.

In State v. Sensing, 843 S.W.2d 412 (Tenn.1992), our supreme court set forth six elements that the State must establish before the results of a breath-alcohol test may be admitted:

1. The test was performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation;

2. The testing officer was properly certified in accordance with those standards;

3. The evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed;

4. The motorist was observed for twenty minutes prior to the test, and during this period, did not have foreign matter in his or her mouth, did not consume any alcoholic beverage, smoke, or regurgitate;

5. The testing officer followed the prescribed operational procedure; and

6. The testing officer identifies the printout record offered in evidence as the result of the test given to the person tested.

See id. at 416. It is the fourth of these requirements that the Defendant claims was not satisfied in this case.

The purpose of the fourth requirement is to ensure "that no foreign matter is present in the defendant's mouth that could retain alcohol and potentially influence the results of the test." State v. Cook, 9 S.W.3d 98, 100-01 (Tenn. 1999). Thus, this Court has found that

[t]he twenty minute observation requirement of Sensing carries with it two distinct elements. The first is that the State must demonstrate that the Defendant was observed for twenty minutes. An officer may not guess, estimate or approximate the amount of time the subject was under observation. The second element of the requirement is that the State must establish that the subject did not smoke, drink, eat,

chew gum, vomit, regurgitate, belch or hiccup during the twenty minutes prior to taking the test.

State v. John H. Hackney, No 01C01-9704-CC-00152, 1998 WL 85287, at *2 (Tenn. Crim. App., Nashville, Feb. 20, 1998); State v. Harold E. Fields, No. 01C01-9412-CC-00438, 1996 WL 180706, at *2 (Tenn.Crim.App., Nashville, Apr. 12, 1996). In this case, the test was administered at 11:53 p.m. Thus, the twenty minutes prior to testing required by Sensing began at 11:33 p.m., during the drive to the jail. The Defendant contends that because both officers sat in the front of the car while the Defendant was seated in the back and neither watched the Defendant continuously, the observation period was not continuous. The Defendant argues that the State has thereby failed to satisfy the second element of the observation requirement.

We first note that "[t]he state must establish compliance with Sensing by a preponderance of the evidence." State v. Deloit, 964 S.W.2d 909, 916 (Tenn. Crim. App. 1997). This Court, in turn, must presume that the trial court's Sensing decision is correct unless the preponderance of the evidence is to the contrary. See State v. Edison, 9 S.W.3d 75, 78 (Tenn. 1999).

This Court has examined this issue on numerous occasions. In State v. Korsakov, 34 S.W.3d 534, 541 (Tenn. Crim. App. 2000), this Court held that Sensing does not require an "unblinking gaze for twenty minutes." We also stated in that case, however, that "the officer must be watching the defendant rather than performing other tasks." Id. In Korsakov, this Court found that "[the officer's] belief that he would have heard or smelled anything he did not see does not satisfy the prerequisite that the defendant must be observed for twenty minutes." Id. The officer in Korsakov was standing across a counter from the defendant and was not watching him constantly throughout the required twenty minutes. This Court found such a casual observance to be insufficient to ensure that the Defendant did not belch, hiccup, regurgitate, or ingest something because of the concern that while often a belch or regurgitation will produce a noise capable of being heard by another person, this is not always the case. See Fields, supra, at *3.

In considering the present case, we find two other opinions from this Court to be particularly instructive. First, in State v. McCaslin, 894 S.W.2d 310 (Tenn. Crim. App. 1994), the first six minutes of the requisite twenty minute observation period prior to a breath analysis test occurred while the officer was driving the defendant to the police station. This Court reversed the trial court's ruling that the test was admissible because "[e]ven though the officer stated that he was continually in the presence of the defendant, he cannot say with certainty that the defendant did not regurgitate while out of his view in the back seat of the patrol car from 2:20 a.m. until they arrived at the station." Id. at 311.

Next, the trial court in Deloit concluded that the twenty-minute observation period included some minutes while the defendant sat in the back of the police car as the arresting officer filled out paperwork in the front seat. The officer testified that, during this time in the car, he was talking to the defendant and could see the defendant in his rearview mirror. See Deloit, 964 S.W.2d at 915. The trial court admitted the breath test, and this Court found the admission to be error, noting that

"[t]he officer conceded that he could not observe the defendant while writing on the arrest report." Id. at 916.

In rendering our decision in this case, we note that the reason for the twenty-minute observation period is to "ensure[ ] that no foreign matter is present in the defendant's mouth that could retain alcohol and potentially influence the results of the test." Cook, 9 S.W.3d at 101. Our supreme court has found that, "[i]f credible proof establishes that the subject did not have foreign matter in the mouth, did not consume any alcoholic beverage, and did not smoke or regurgitate, then the rule is satisfied. . ." State v. Hunter, 941 S.W.2d 56, 57-8 (Tenn.1997). In State v. Brad Stephen Luckett, No. M2000-00528-CCA-R3-CD, 2001 WL 227353 (Tenn. Crim. App., Nashville, March 8, 2001), we found "that the purpose of the observation period is satisfied where, as here, the officer remains in very close proximity to the defendant for the entire time, engages him or her in conversation (which would assist in determining the presence of foreign matter in the mouth), and loses direct eye contact for only brief intervals of time." Id. at *2.

In the present case, approximately ten minutes of the required observation time occurred while the Defendant was being transported to the police station. Unlike McCaslin, a second officer was also a passenger in the patrol car and observed the Defendant during transport. Also, unlike Deloit, there is no evidence that Deputy Watts was filling out a report or some other form of paperwork during the observation time. However, because of factors such as road noise, noise from the police radio, and other distractions that are likely to interfere with an officer's observation of a defendant, we must conclude that observation time during transportation of a defendant in the back of a patrol car is suspect.

Deputy Watts conceded that he did not continuously observe the Defendant during the ride to the station. He conceded that he could not observe the Defendant during the time he exited the patrol car to remove the Defendant from the back seat. This testimony taken in light of the many distractions present in a patrol car, discount the reliability of Deputy Watts' testimony that the Defendant did not belch or regurgitate during the twenty minute observation period. As we have stated before, a belch or regurgitation sufficient to skew the results of a breath analysis test may not produce a sound loud enough to be heard by another person. See Fields, supra, at *3. We find the likelihood of the detection of such a belch or regurgitation even less if the suspect and the observer are separated in the front and back seats of a moving patrol car. We cannot say that Deputy Watts' testimony, taken in light of all the circumstances, establishes that the Defendant was sufficiently observed for the requisite twenty-minutes as required by Sensing.

Accordingly, we conclude that the evidence preponderates against the trial court's finding that the State met its burden of proving that the Defendant was observed for the requisite twenty minutes prior to being administered the breath-alcohol test. Therefore, the trial court erred in denying the Defendant's motion to suppress the results of the breath analysis test.

**CONCLUSION**

For the foregoing reasons, we conclude that the trial court erred in denying the Defendant's motion to suppress. Accordingly, the judgment of the trial court is REVERSED, the Defendant's guilty plea is vacated, and the charge of Driving Under the Influence is dismissed.

_____
DAVID H. WELLES, JUDGE