IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 13, 2005

**STATE OF TENNESSEE v. JOHN WHITTINGTON**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-06851     Arthur T. Bennett, Judge**

_____

**No. W2004-02405-CCA-R3-CD  - Filed November 10, 2005**

_____

The defendant, John Whittington, entered a plea of guilty to driving under the influence, third offense. The trial court imposed a sentence of eleven months and twenty-nine days to be suspended to probation after the service of 120 days of confinement. As part of the plea agreement, the defendant reserved a certified question of law pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. The stated question is "whether belching during the [twenty] minute observation period invalidated the results of the breath test." The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Leslie I. Ballin, Memphis, Tennessee, and Gray W. Bartlett, Memphis, Tennessee, for the appellant, John Whittington.

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General; Brooks Yelverton and Lee Coffee, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On September 28, 2004, the defendant entered a plea of guilty to driving under the influence, third offense. See Tenn. Code Ann. §§ 55-10-401, -403 (2003). Pursuant to a plea agreement, the defendant received an agreed sentence of eleven months and twenty-nine days to be suspended to probation after service of 120 days of confinement. The stipulated facts, as stated at the submission of the guilty plea, are as follows:

> [O]n . . . April 7, 2003, . . . the defendant was driving and operating a motor vehicle
> . . . at a high rate of speed. He was clocked [traveling] [sixty-six] miles per hour in
> a [forty] mile-per-hour posted zone. [The defendant] was stopped for that reason.

The defendant . . . had a strong odor of alcoholic beverage about his breath. His eyes were watery. And he was unsteady on his feet. The defendant was given a test to determine the amount of alcohol in his system, and he registered a .205 on that test.

[The defendant] has two prior convictions for driving under the influence of an intoxicant . . . .

In an order denying the state's motion to dismiss this appeal on procedural grounds, this court summarized the history of this case as follows:

On September 30, 2003, the Shelby County Grand Jury returned a three-count indictment against the [defendant] John Whittington. Count One charged the [defendant] with driving under the influence. Count Two charged the [defendant] with driving while his alcohol content was .20 percent or more, and Count Three charged the [defendant] with reckless driving. The [defendant] subsequently filed a motion to suppress the results of the blood alcohol test claiming that he belched three times during the waiting period, thus invalidating the test results. The trial court denied the motion to suppress.

On September 28, 2004, the [defendant] entered a guilty plea to Driving Under the Influence (DUI), third offense, as charged in Count Two of the indictment, and was sentenced to eleven months, twenty-nine days jail confinement to be suspended after service of 120 days. Counts One and Three of the indictment were nolle prosequied by the State. As a condition of the guilty plea, the [defendant] explicitly reserved a certified question of law challenging the denial of his motion to suppress the results of a blood alcohol test.

In this appeal, the defendant contends that the trial court erred by denying his motion to suppress. He claims that because he belched during the twenty-minute observation period, the test was invalid and the results inadmissible as evidence. The state first asserts that the certified question is not dispositive of this case and thus not properly certified. In the alternative, the state argues that because the evidence established that the defendant did not belch during the waiting period, the trial court did not err by denying the motion to suppress.

The standard of review applicable to suppression issues is well established. When the trial court makes a finding of facts at the conclusion of a suppression hearing, the facts are accorded the weight of a jury verdict. State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). The trial court's findings are binding upon this court unless the evidence in the record preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); see also Stephenson, 878 S.W.2d at 544; State v. Goforth, 678 S.W.2d 477, 479 (Tenn. Crim. App. 1984). Questions of credibility of witnesses, the weight and value of the evidence, and resolution of conflicts in evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest

legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from the evidence. Odom, 928 S.W.2d at 23. This court's review of a trial court's application of law to the facts, however, is conducted under a de novo standard of review. See State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001); State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999).

"An appeal does not generally lie from a guilty plea conviction." Patterson v. State, 684 S.W.2d 110, 111 (Tenn. Crim. App. 1984). Rule 37 of the Tennessee Rules of Criminal Procedure, however, provides that an appeal does lie from a plea of guilty or nolo contendere if:

> (i) the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met: (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(i).

In State v. Preston, our supreme court established the procedural conditions necessary for consideration of the merits of a question of law certified pursuant to Rule 37:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the

dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state

that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988). Strict compliance with Preston is required. See State v. Pendergrass, 937 S.W.2d 835, 837 (Tenn. 1996); State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998).

The state argues that the certified question presented for review is not dispositive regardless of whether the office of the District Attorney General took a contrary position at trial. The position of the state on appeal is that the arresting officer, who observed the defendant in an unsteady state with watery eyes and with the smell of alcohol on his breath, could testify to facts supportive of a conviction independent of the blood alcohol test results.

Count 2 of the indictment, the count to which the defendant pled guilty, included allegations that the defendant "did unlawfully and recklessly drive and physically control a motor vehicle upon a public highway in Shelby County, Tennessee, while the alcohol concentration in the . . . [defendant's] blood was twenty-hundredths of one percent (.20%) or more." Count 1 of the indictment, which was dismissed, charged that the defendant "did unlawfully and recklessly, while under the influence of an intoxicant, drive and physically control a motor vehicle upon a public highway in Shelby County." It is our view, therefore, that the state's argument would have merit only if the defendant had pled guilty to Count 1. Because the defendant pled guilty to Count 2, which specifically requires a determination of his blood alcohol level, the question of whether the trial court properly overruled the motion to suppress the results of the blood alcohol test is dispositive of this case. See State v. Craig S. Cook, No. M2002-02460-CCA-R3-CD, slip op. at 4 n.2 (Tenn. Crim. App., at Nashville, Dec. 9, 2004); State v. Terry A. Hawkins, No. M2002-01819-CCA-R3-CD, slip op. at 3 n.1 (Tenn. Crim. App., at Nashville, April 6, 2004); State v. Arnold, 80 S.W.3d 27, 28 n.1 (Tenn. Crim. App. 2002).

In State v. Sensing, 843 S.W.2d 412 (Tenn.1992), our supreme court set forth the following six elements that the State must establish before the results of a breath-alcohol test may be admitted:

1. The test was performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation;

2. the testing officer was properly certified in accordance with those standards;

3. the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed;

4. the motorist was observed for twenty minutes prior to the test, and during this period, did not have foreign matter in his or her mouth, did not consume any alcoholic beverage, smoke, or regurgitate;

5. the testing officer followed the prescribed operational procedure; and

6. the testing officer identifies the printout record offered in evidence as the result of the test given to the person tested.

Id. at 416. It is well established that the fourth Sensing requirement also requires that the defendant be observed during the waiting period to ensure that he does not belch. Arnold, 80 S.W.3d at 29. The reason for the waiting period is to "ensure[] that no foreign matter is present in the defendant's mouth that could retain alcohol and potentially influence the results of the test." State v. Cook, 9 S.W.3d 98, 101 (Tenn. 1999).

Donald Fox, an officer in the Metro DUI Unit of the Shelby County Sheriff's Department, testified that he suspected the defendant of driving under the influence after stopping him for speeding. When the defendant consented to a breath test to determine his blood alcohol level, Officer Fox observed him for twenty minutes before administering the test. He testified that the defendant did not belch. Furthermore, the officer testified that had the defendant belched, the instrument he used to conduct the test would have indicated mouth alcohol and not yielded a result. The state introduced as evidence a videotape that recorded the twenty-minute waiting period. After reviewing the tape during the suppression hearing, the officer was unable to detect belching on the part of the defendant. On cross-examination, Officer Fox acknowledged that during the twenty-minute waiting period, he saw the defendant move his hand toward his mouth twice, stick his tongue out of his mouth once, and cough once in order to clear his voice. He testified, however, that he was unaware of any standard or instruction from the manufacturer of the testing instrument with regard to the suspect either coughing or clearing his throat during the waiting period.

The defendant claimed that he had belched three times and coughed once during the twenty-minute period. No other evidence was presented during the hearing.

At the conclusion of the hearing, the trial court determined that the videotape did not support the defendant's claim that he had belched. It ruled that there is no requirement prohibiting suspects from either coughing or clearing their throats during the waiting period. It concluded that because the requirements of Sensing were satisfied, the motion to suppress the results of the blood alcohol test should be overruled.

The evidence in the record does not preponderate against the finding of the trial court that the defendant did not belch during the waiting period. The trial court specifically accredited the testimony of the officer based upon its independent observations of the videotape. Because, on appeal, the prevailing party is entitled to the strongest legitimate view of the evidence, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE