# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 29, 2010 Session

## STATE OF TENNESSEE v. TERRY O'NEIL GREENE

**Appeal from the Criminal Court for Hamblen County**
**No. 09CR151      John F. Dugger, Jr., Judge**

---

**No. E2009-02616-CCA-R3-CD - Filed October 15, 2010**

---

The Defendant, Terry O'Neil Greene, was convicted by a jury of driving under the influence of an intoxicant, second offense. In this appeal as of right, the Defendant contends that the trial court erred in admitting the results of his breath-alcohol test. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Criminal Court Affirmed.**

D. KELLY THOMAS, JR. J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and NORMA MCGEE OGLE, J., joined.

Jonathan M. Holcomb, Morristown, Tennessee, for the appellant, Terry O'Neil Greene.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Kimberly Morrison, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

Hamblen County Sheriff's Deputy Bobby Tharp testified that around 7:00 p.m. on April 19, 2008, he was off-duty and about to leave his apartment complex when he saw the Defendant's pickup truck strike a parked car. The Defendant backed up and continued driving to a dumpster located in the apartment complex. Deputy Tharp followed him and observed the Defendant make a wide left turn followed by a wide right turn. The Defendant nearly hit a fence which caused him to overcorrect and hit the curb. Deputy Tharp reported the Defendant's erratic driving to dispatch and followed the Defendant as he parked in another section of the apartment complex. Deputy Tharp approached the Defendant's truck and asked him if everything was okay. Deputy Tharp noticed that the Defendant smelled like

alcohol and that he was very unsteady when he stepped out of the vehicle. Deputy Tharp asked the Defendant to get back in his vehicle, and a few minutes later Officer Christopher Bagby of the Morristown Police Department arrived on the scene. Deputy Tharp informed Officer Bagby of his observations and then stepped away to allow Officer Bagby to conduct his investigation.

Officer Bagby testified that when he arrived on the scene, the Defendant was sitting in the driver's seat of his vehicle and was slouching forward. Officer Bagby also noticed the smell of alcohol and asked the Defendant if he had anything to drink. The Defendant responded that he had, and Officer Bagby asked if he would agree to take some field sobriety tests. The Defendant responded that he would not attempt the tests because he had consumed ten beers. Officer Bagby then asked the Defendant if he would consent to a breath-alcohol test, and the Defendant agreed. As the Defendant exited his vehicle, Officer Bagby noticed that "he leaned up against the vehicle so as not to stand on his own." Officer Bagby then placed the Defendant in his patrol car and took him to the Morristown Police Department to administer the breath-alcohol test.

After arriving at the Morristown Police Department, Officer Bagby took the Defendant to the basement where the department's Intoximeter II was located. Officer Bagby testified that he had been trained on how to use the machine and that he was certified to use it. Officer Bagby was familiar with the department's intoximeter and had used it before. Officer Bagby also testified that to his knowledge the intoximeter had been certified by the Tennessee Bureau of Investigation and had been tested regularly for accuracy. Officer Bagby testified that the intoximeter was in good working order that night and that there were no error messages during the Defendant's breath-alcohol test.

Officer Bagby reviewed the department's Implied Consent Form with the Defendant before the Defendant signed the form. Officer Bagby then entered the Defendant's information into the intoximeter, and the machine began a twenty minute countdown. Officer Bagby testified that he observed the Defendant for twenty-one minutes while the Defendant was sitting across from him and that the Defendant did not eat, drink, chew, or smoke anything nor did he regurgitate or belch during that time. On cross-examination, Officer Bagby testified that he did not look in the Defendant's mouth to see if there was any foreign matter but that based upon his speaking with the Defendant, he did not believe the Defendant had anything in his mouth. Officer Bagby testified further that the intoximeter would produce an error message if there was foreign matter in the Defendant's mouth. Officer Bagby also testified that while he observed the Defendant, he did not work on any paperwork or take any notes and that he watched the Defendant for the full twenty-one minutes. After the twenty-one minutes expired, Officer Bagby had the Defendant take the breath-alcohol test. The intoximeter produced a printout showing the Defendant had a blood

alcohol level of .27.

After the State had put on its proof, defense counsel objected to the admission of the breath-alcohol test results. Defense counsel argued that because Officer Bagby did not look into the Defendant's mouth and relied on the intoximeter to insure there was no foreign matter in the Defendant's mouth, the test results were inadmissible. The State responded that the officer was only required to observe the Defendant and that Officer Bagby did not have to look into the Defendant's mouth to ensure there was no foreign matter. The trial court overruled the Defendant's objection because Officer Bagby testified that he observed the Defendant for twenty-one minutes and did not believe there was anything in the Defendant's mouth.

After the trial court overruled the Defendant's objection, the Defendant testified that he and his manager had an argument that morning at work. The Defendant returned home around noon and spent the afternoon drinking beer, having about ten beers between noon and seven. Defendant testified that he was taking his garbage to the dumpster when Deputy Tharp saw him driving through the parking lot. The Defendant testified that he was not intoxicated, that he did not strike a parked car, and that he was not driving erratically. Instead, the Defendant testified that he had a long truck that had trouble navigating the narrow roads in the apartment complex. The Defendant also testified that before Officer Bagby arrived, he got a piece of chewing gum from his truck and that no one ever asked him about the gum or asked him to spit the gum out. The Defendant testified that he was still chewing the gum when Officer Bagby administered the breathalyzer test.

## ANALYSIS

The Defendant contends that the trial court erred in admitting the breath-alcohol test results because the State failed to satisfy the requirements of State v. Sensing, 843 S.W.2d 412 (Tenn. 1992) when Officer Bagby did not visually inspect the Defendant's mouth or specifically ask him if he had anything in his mouth before administering the breath-alcohol test. Specifically, the Defendant alleges that the State failed to establish the fourth requirement of Sensing, which requires the officer to observe the defendant for twenty minutes prior to the test and ensure that "during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate." Id. at 416. The State responds that Sensing does not require the administering officer to visually inspect a suspect's mouth and that the record does not contain any proof that the Defendant had foreign matter in his mouth at the time the breath test was administered.

In Sensing, our supreme court established six elements that the State must prove before the results of a breath-alcohol test may be admitted:

(1) the tests were performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation, (2) that [the officer] was properly certified in accordance with those standards, (3) that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed, (4) that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke or regurgitate, (5) evidence that [the officer] followed the prescribed operational procedures, [and] (6) [the officer must] identify the printout record offered in evidence as the result of the test given to the person tested.

843 S.W.2d at 415. The State must establish compliance with these elements by a mere preponderance of the evidence. State v. Arnold, 80 S.W.3d 27, 29 (Tenn. Crim. App. 2002). This court will "presume that the trial court's Sensing decision is correct unless the preponderance of the evidence is to the contrary." Id.

The purpose of the fourth Sensing requirement is to ensure "that no foreign matter is present in the defendant's mouth that could retain alcohol and potentially influence the results of the test." State v. Cook, 9 S.W.3d 98, 101 (Tenn. 1999). This requirement has two distinct elements: first the State "must demonstrate that the Defendant was observed for twenty minutes" and second "the State must establish that the subject did not smoke, drink, eat, chew gum, vomit, regurgitate, belch or hiccup during the twenty minutes prior to taking the test." Arnold, 80 S.W.3d at 29 (quoting State v. John H. Hackney, No 01C01-9704-CC-00152, 1998 WL 85287, at *2 (Tenn. Crim. App. Feb. 20, 1998), perm. app. denied (Tenn. Nov. 9, 1998)). If the State presents "credible proof establish[ing] that the subject did not have foreign matter in the mouth, did not consume any alcoholic beverage, and did not smoke or regurgitate, then the rule is satisfied . . . ." State v. Hunter, 941 S.W.2d 56, 57-58 (Tenn. 1997).

As this court has stated previously, "Sensing does not require 100 percent certainty[;]" however, "the State must establish by a preponderance of the evidence that the defendant's mouth was free of foreign matter for a period of twenty minutes prior to his taking the breath-alcohol test." State v. Brad Stephen Luckett, No. M2000-00528-CCA-R3-CD, 2001 WL 227353, at *4 (Tenn. Crim. App. March 8, 2001). For example, our supreme court has held that the fact that a defendant was wearing dentures at the time of his breath-alcohol test did not preclude the admission of the test results. Cook, 9 S.W.3d at 101. The court found that where the defendant was observed for the requisite period of time and nothing unusual was detected, the defendant was asked if he had any foreign matter in his mouth and replied that

he did not, and the intoximeter would have shut down had it detected the presence of mouth alcohol, the evidence did not "preponderate against the trial court's decision to admit the results of the breath-alcohol test . . . ." Id. Similarly, this court has held that the State satisfied the fourth Sensing requirement even though the officer did not ask the defendant if he had any foreign matter in his mouth prior to administering the test and did not confirm there was no foreign matter by visually inspecting the defendant's mouth. Luckett, 2001 WL 227353 at *1-2, 4. This court upheld the admission of the breath-alcohol test results because the administering officer did not observe anything unusual during the twenty minute observation period and because the officer did not notice anything during his conversation with the defendant that would have caused him to believe the defendant had any foreign matter in his mouth. Id. at *2, 4.

Officer Bagby testified that he observed the Defendant for twenty-one minutes without interruption and that the Defendant did not eat, drink, chew, or smoke anything nor did the Defendant regurgitate or belch during that time. Contrary to the Defendant's assertion that he was chewing gum, Officer Bagby testified that the Defendant did not chew anything during the twenty-one minutes Officer Bagby observed the Defendant. Officer Bagby also testified that he did not believe the Defendant had anything in his mouth based on his conversations with the Defendant before he entered the Defendant's information into the intoximeter. Furthermore, Officer Bagby testified that the intoximeter used, like the machine used in Cook, would produce an error message if it detected foreign matter in the Defendant's mouth. As this court has stated previously, Sensing does not require the State to prove the absence of foreign matter in the Defendant's mouth with 100 percent certainty. Accordingly, we conclude that the trial court did not err in admitting the results of the Defendant's breath-alcohol test.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE