PD-0250-15

PD-0250-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/4/2015 3:17:30 PM
Accepted 3/6/2015 2:42:21 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

AUSTIN, TEXAS

---

**DEBORAH AILEEN JOHNSON,**
**PETITIONER**

**VS.**

**THE STATE OF TEXAS,**
**RESPONDENT**

---

ON APPEAL FROM THE COURT OF APPEALS FOR THE 5TH JUDICIAL DISTRICT (DALLAS), CAUSE NO. 05-13-01496-CR, AND FROM COUNTY COURT AT LAW NO. 5, COLLIN COUNTY, TEXAS, CAUSE NO. 005-84064-2012

---

**PETITION FOR DISCRETIONARY REVIEW**

---

*Counsel of Record*:

FILED IN
COURT OF CRIMINAL APPEALS

March 6, 2015

ABEL ACOSTA, CLERK

**Kyle Therrian**
**State Bar Number 24075150**
**Rosenthal & Wadas PLLC**
**k.therrian@rosenthalwadas.com**
**4500 Eldorado Pkwy, Ste. 3000**
**McKinney, Texas 75070**
**(972) 369-0577 (Telephone)**
**(972) 369-0532 (Fax)**
*Attorney for Petitioner*

PETITIONER REQUESTS ORAL ARGUMENT

# TABLE OF CONTENTS

**Table of Contents**.................................................................................................................**ii**

**Index of Authorities**.............................................................................................................**iii**

**Identity of Judge, Parties, and Counsel** ..............................................................................**4**

**Statement Regarding Oral Argument**..................................................................................**5**

**Statement of the Case** .........................................................................................................**5**

**Statement of Procedural History**.........................................................................................**6**

**Grounds for Review**............................................................................................................. **7**

**Argument**............................................................................................................... …**9**

    **1.** Video Evidence Should be Reviewed *De Novo* on Appeal; the Court of Appeals Erred by Applying an Abuse of Discretion Standard to Trial Court Findings Arising From Video Evidence  …………………………………………………………**9**

    **2.** Even Under an Abuse of Discretion Standard, the Court of Appeals Erred in Construing the Record to Sufficiently Support the Trial Court's Finding that Appellant's Tail Lamps were Legally Defective  ………………………………………**11**

    **3.** The Court of Appeals Erred by Explicitly Failing to Review the Supplemented Record Containing Color Photographs Depicting Petitioner's Tail Lamps Emitting Red at a Distance of 1000 Feet. ………………………………………………….......**14**

**Prayer for Relief**................................................................................................................ ..**16**

**Certificate of Service**.......................................................................................................... **16**

**Certificate of Compliance**...................................................................................................**17**

**Appendix**............................................................................................................................**18**

# INDEX OF AUTHORITIES

**Cases**

*Carmouche v. State*, 10 S.W. 3d 323 (Tex. Crim. App. 2000)....................................9

*Johnson v. State*, No. 05-13-01496-CR (Tex. App. –Dallas 2015)................. passim

*Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.3d 664 (Tex. 1996) ....................15

*Martinez v. State*, 348 S.W.3d 919 (Tex. Crim. App. 2011) ..................................12

*Montanez v. State*, 195 S.W.3d 101 (Tex. Crim. App. 2006).................................10

*Schutz v. State*, 63 S.W.3d 442 (Tex. Crim. App. 2001) .......................................15

**Statutes**

Tex. Transp. Code § 547.322 (d) .............................................................................5

**Rules**

Tex. R. App. P. 34.5(c) ...........................................................................................14

**Treatises**

41 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 18:68 (3d. ed. 2011, Westlaw updated database 2014)………………………………………………………………………10

# IDENTITIY OF JUDGE, PARTIES, AND COUNSEL

**APPELLANT**

Deborah Aileen Johnson

**DEFENDANT'S COUNSEL AT TRIAL**

Kyle T. Therrian

4500 Eldorado Parkway, Suite 3100

McKinney, Texas 75070

**APPELLANT'S ATTORNEY ON APPEAL**

Kyle T. Therrian

4500 Eldorado Parkway, Suite 3100

McKinney, Texas 75070

**PRESIDING JUDGE**

Honorable Dan Wilson

Collin County Court at Law Judge

2100 Bloomdale Road

McKinney, Texas 75071

**STATE'S ATTORNEY AT TRIAL**

Haley Hendrix

Assistant District Attorney

Collin County District Attorney

2100 Bloomdale Road

McKinney, Texas 75071

**STATE'S ATTORNEY ON APPEAL**

Greg Willis

(or designated representative)

Collin County District Attorney

2100 Bloomdale Road

McKinney, Texas 75071

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument would be helpful to the Court because, in part, Petitioner is requesting this Court to reinstate prior precedent overruled by a fragmented opinion. The policy behind the resolution of this issue would be better discussed in the context of oral argument. The remaining issues presented on appeal are driven by facts in the record, many of which are in dispute. Oral argument would be helpful in resolving what the record truly reflects in this case.

**STATEMENT OF THE CASE**

This case arises from a plea of guilty following the erroneous denial of a motion to suppress in a Driving While Intoxicated case. Petitioner was stopped illegally when the arresting officer mistakenly believed her tail lamps were defective under Tex. Transp. Code § 547.322 (d) (must emit red at a distance of 1000 feet). This case presents three issues arising from the Court of Appeals' opinion: (1) whether courts of appeal should apply an abuse of discretion standard to trial court findings regarding video evidence where a *de novo* review is more appropriate, (2) whether the Court of Appeals misinterpreted the record and misapplied the abuse of discretion standard, and (3) whether the Court of Appeals erred when it explicitly failed to review a supplemental record which contained color photos essential to the resolution of this case.

**STATEMENT OF PROCEDURAL HISTORY**

(1)     Date of Opinion from Court of Appeals:     February 3, 2015

(2)     Date of Motion for Rehearing:     None was filed

(3)     Date Motion for Rehearing Disposed:     N/A

**GROUNDS FOR REVIEW**

1. This case involves the issue of what standard of review should apply to factual findings involving video evidence admitted in a hearing on a motion to suppress. This Court unanimously held in 2000 that courts of appeal are capable of making independent findings regarding the contents of video evidence because such evidence does not depend on an evaluation of credibility and demeanor. This Court functionally reversed this position six years later in a 4-1-3 decision reasoning, among other things, that courts of appeal are actually less competent in this endeavor. Petitioner is requesting this Court to hold that a *de novo* review of video evidence is the better approach. The Court of Appeals should have resolved *de novo* the issue of whether the video in this case was of sufficient quality to depict necessary red colored light emitting from Petitioner's tail lamp. *Johnson v. State*, No. 05-13-01496-CR *6-7 (Tex. App. –Dallas 2015).

2. Assuming an abuse of discretion standard applies to all factual findings in this case, whether the Court of Appeals erred in construing the factual record and applying this standard to the trial court's determination that the video was of sufficient quality to resolve the motion to suppress. *Johnson v. State*, No. 05-13-01496-CR *6-7 (Tex. App. –Dallas 2015); (I R.R. at 7); (State's Exhibit 1).

3.     Whether the Court of Appeals erred by explicitly failing to review important color photos. The photos were timely supplemented and proved that the broken tail lamp which formed the basis of the traffic stop was in compliance with the law. *Johnson v. State*, No. 05-13-01496-CR *3 FN 1 (Tex. App. –Dallas 2015); (Defense Exhibits 6, 8, 9, 10, 11, 13, 14, 15, 16). (I R.R. Supp. 1-16).

**ARGUMENT**

1. **Video Evidence Should be Reviewed *De Novo* on Appeal; the Court of Appeals Erred by Applying an Abuse of Discretion Standard to Trial Court Findings Arising From Video Evidence**

The instant case presents an opportunity to revisit two important questions: (1) are trial courts truly in a better position to interpret video evidence, and (2) should courts of appeal be bound by a standard of review which requires them to perpetuate a myth about the factual record?

This issue has received varied treatment by this Court. In 2000, this Court held unanimously that an appellate court may reach its own factual findings, *de novo*, with regard to what is depicted by video evidence. *Carmouche v. State*, 10 S.W. 3d 323 (Tex. Crim. App. 2000). In *Carmouche*, video evidence contradicted testimony which supported the trial court's ruling. This Court held that an abuse of discretion standard is inapplicable to facts contained within video evidence. This Court reasoned that video evidence "does not pivot on an evaluation of credibility and demeanor," and that "we cannot blind ourselves to the videotape evidence" simply because other disputable evidence could be read to support the appellate court's holding. *Carmouche*, 10 S.W.3d at 332.

In 2006, this Court departed from *Carmouche* in a 4-1-3 decision, holding that a trial court's findings with regard to the contents of a video should be protected by an abuse of discretion standard of review. *Montanez v. State*, 195

9

S.W.3d 101, 109 (Tex. Crim. App. 2006). In reaching this conclusion, the *Montanez* court ostensibly relied upon a United States Supreme Court opinion which interpreted a federal rule and which gave only a thin rationale for why a *de novo* review of the type in *Carmouche* is too difficult.

Perhaps because of the fractured nature of the *Montanez* decision and the criticisms authored in dissent by Judge Cochran and Judge Meyers, at least two prominent legal scholars imply viability of *Carmouche* following the *Montanez* decision. 41 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 18:68 (3d. ed. 2011, Westlaw updated database 2014).

The facts of this case are the inverse of those in *Carmouche*: video evidence of suspect quality versus contrary indisputable testimony. To elaborate, the trial court's ruling was supported only by a video incapable of depicting what the trial court claims it does, and was contradicted by witnesses presented by both the State and the Defense establishing that Petitioner did not commit a purported tail lamp

infraction, because her tail lamps were emitting red light at a distance of 1000 feet.[1]

The Court of Appeals held that "the recording is of sufficient quality to support the trial court's finding that the 'recording clearly shows Defendant's tail lamp glowing white rather than red.'" This holding was an application of the abuse of discretion standard. *Johnson v. State*, No. 05-13-01496-CR *6 (Tex. App. – Dallas 2015). Trial court findings such as this should not be protected by an abuse of discretion standard which requires appellate courts to "blind themselves" to indisputable evidence.

The Court of Appeals' application of an abuse of discretion standard where a *de novo* review is more appropriate warrants review by this Court.

2. **Even Under an Abuse of Discretion Standard, the Court of Appeals Erred in Construing the Record to Sufficiently Support the Trial Court's Finding that Appellant's Tail Lamps were Legally Defective**

The Court of Appeals did not hold the trial court's findings of fact to even the minimal rigors of an abuse of discretion review.

---

[1] Video (State's Exhibit 1); officer's adoption of defense facts (I R.R. at 23-24); defense witness' testimony (I R.R. at 34-36, 40-42, 44-48, 51); picture of recreated damage adopted as accurate by officer (Defense Exhibit 6); picture of Defense Exhibit 6 defect at 1000 feet (Defense Exhibits 8, 9, 10); picture of recreated damage worse than adopted by officer (Defense Exhibit 11); pictures showing Defense Exhibit 11 at 1000 feet (Defense Exhibits 13, 14, 15, 16); trial court's findings (C.R. at 39-40) supplemental record (I R.R. Supp. 1-16) [all referred to hereinafter as tail lamp evidence].

11

The trial court found that the traffic stop of petitioner was justified by a legally defective tail lamp. The Court of Appeals erroneously held that the trial court's ruling was supported by two items reflected in the record: (1) "'the recording clearly shows Defendant's tail lamp glowing white, rather than red,'" and (2) "[Officer] Pell's testimony that Johnson's car had a 'busted' tail lamp that 'display[ed] a white rather than red light." *Johnson v. State*, No. 05-13-01496-CR *6-7 (Tex. App. –Dallas 2015).

The video recording's deficiency is self-evident: it is not capable of accurately replicating colored light as would be visible to a human eyewitness. (State's Exhibit 1). The trial court impliedly found that it was. (C.R. at 39-43). This implied finding was erroneous because its arbitrary nature is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922-23 (Tex. Crim. App. 2011). Barring expert testimony establishing that an apparently flawed video adequately replicates what the human eye would see, the implied finding that it did and the explicit finding that it "shows" that Petitioner's tail lamp was defective can be defined by nothing more generous than the word "arbitrary." (C.R. at 40). To hold otherwise was erroneous.

Similarly, the Court of Appeals' characterization of Officer Pell's testimony is incorrect. Officer Pell did not testify that Petitioner's tail lamp "display[ed] white rather than red light." *Johnson v. State,* No. 05-13-01496-CR *6 (Tex. App.

–Dallas 2015). The closest Officer Pell comes to making this statement was when he said "the vehicle had a busted tail lamp and was emitting a color to the rear other than red." (I R.R. at 7). This is reminiscent of the logic games on the L.S.A.T.. In its vagueness, the sentence leaves open the possibility that another color was emitted in addition to red. In the trial court's findings, the word "other" has been changed to the word "rather," making the statement slightly less vague by necessarily excluding red as a possible color.

Officer Pell was specifically asked by Petitioner in cross examination to elaborate upon what he meant by this testimony. (I R.R. at 23). He specifically stated that there was both red and white emitted to the rear of the vehicle. (I R.R. at 23).

It appears the trial court's findings were conflated with the actual record in this case. This constitutes not an abuse of discretion review, but rather a rubber stamp of the trial court's unsupported findings. Moreover, it was improper for the Court of Appeals ignore that Officer Pell later clarified his vague statement in a manner which helps the Petitioner merely because his initial statement, when read in isolation, could give a scintilla of support for the trial court's ruling.

Because the Court of Appeals misinterpreted the record and misapplied the abuse of discretion standard in a manner which accepted findings of fact which

13

were "so arbitrary that they were outside the zone of reasonable disagreement," this case is worthy of this Court's discretionary review.

**3. The Court of Appeals Erred by Explicitly Failing to Review the Supplemented Record Containing Color Photographs Depicting Petitioner's Tail Lamps Emitting Red at a Distance of 1000 Feet.**

Appellate review under any standard presumes a review of the entire record. A defendant is denied important appellate rights when an appellate court fails to consider a properly supplemented record. *See* Tex. R. App. P. 34.5(c).

In its opinion, the Court of Appeals indicates that the record reviewed on appeal contained only black-and-white copies of exhibits admitted at trial. *Johnson v. State*, No. 05-13-01496-CR *3 FN 1 (Tex. App. –Dallas 2015).[2] However, on December 27, 2013, Petitioner timely requested supplementation of the record with color copies. The Fifth Court of Appeals Website, under "case events" shows that this supplementation took place on January 21, 2014. Fifth Court of Appeals "05-13-01496 case events" *available at* http://www.search.txcourts.gov/Case.aspx?cn=05-13-01496-CR&coa=coa05.[3]

The color photos illustrate that the trial court's ruling was erroneous. The color photos include: (1) a reconstruction of a tail lamp defect *adopted as accurate*

---

[2] It should be noted that this error was not discovered by counsel until after the time had expired to request rehearing.

[3] Although the Court of Appeals has not yet prepared a record to accompany this petition, counsel for Petitioner has confirmed by his own in-person review that these color photos are in the Court of Appeals' record and would anticipate this Court taking judicial notice of such matters. They appear as "Supplemental Exhibit Index."

*by the arresting officer*, (2) a reconstruction of a tail lamp defect much worse than recalled by the arresting officer, (3) the accurate reconstruction emitting red light at a distance of 1000 feet, and (4) the much worse defect emitting red light at a distance of 1000 feet. Factually, the color photos demonstrate two things: that the damaged lens was logically capable of emitting red light to the rear, and that the red light was, in fact, visible at a distance of 1000 feet to the rear of the vehicle. *See* tail lamp evidence*, supra* note 1.

It does not appear that this Court has addressed this specific scenario—where less than the entire record was considered when reviewing a trial court's ruling on a motion to suppress. However, analogous cases indicate a reversal is warranted. *See Arrington v. State*, No. PD-1448-13, 2015 WL 170110, at *6 (Tex. Crim. App. Jan 14, 2015) (jury charge error); *Schutz v. State*, 63 S.W.ed 442, 444-45 (Tex. Crim. App. 2001) (harm analysis); *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.3d 664, 666 (Tex. 1996) (Denial of right to civil jury trial).

This case was about the color red. Consideration of the supplemental record containing color photographs was essential to determining whether the trial court erred. Review by this Court is warranted because the Court of Appeals explicitly failed to review the entire record and effectively denied Petitioner an important appellate right.

## PRAYER FOR RELIEF

Petitioner respectfully requests that this Honorable Court grant her Petition for Discretionary Review, set this case for oral argument, reverse the decision of the Court of Appeals and remand to the trial court on Petitioner's first ground for relief or vacate the judgment of the Court of Appeals and remand to the Court of Appeals on all other grounds.

RESPECTFULLY SUBMITTED


/s/ Kyle Therrian
Kyle Therrian
State Bar No. 24075150
k.therrian@rosenthalwadas.com
Rosenthal & Wadas, PLLC
4500 W. Eldorado Parkway, Suite 3000
McKinney, Texas 75070
(972) 562-7549 phone
(972) 369-0532 fax
**Attorney for Petitioner**


## CERTIFICATE OF SERVICE

This is to certify that on March 4, 2015 this Petition for Discretionary Review was served electronically on the Representative for the State of Texas as follows: Collin County District Attorney's Office at DAAppeals@collincountytx.gov , and on the State Prosecuting Attorney at information@spa.gov . Courtesy copies were also mailed to each of these offices at

16

**Collin County District Attorney**

Collin County Courthouse

2100 Bloomdale Road, Suite 100

McKinney, Texas 75071

**Office of State Prosecuting Attorney**

P.O. Box 13046

Austin, Texas 78711

/s/ Kyle Therrian
Kyle Therrian

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. PROC. 9.4(i)(3)

This is to certify that the word count of this petition, as calculated by the Texas Rules of Appellate Procedure is 2181 words.

/S/ Kyle Therrian
Kyle Therrian

**APPENDIX**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01496-CR

### DEBORAH AILEEN JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-84064-2012**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Lang

Deborah Aileen Johnson was charged with driving while intoxicated following a traffic stop for a broken tail lamp that emitted a white, rather than red, light. She filed a motion to suppress evidence, asserting the stop was illegal and violated her constitutional and statutory rights. After the trial court denied her motion, she pleaded guilty and was assessed a 180-day sentence, suspended for twenty months, and a $500 fine. In a single issue, Johnson asserts the trial court reversibly erred in denying her motion to suppress. We decide against Johnson on her issue and affirm.

### I. BACKGROUND

Johnson was stopped pursuant to Texas Transportation Code section 547.322 which requires, in relevant part, that a car's tail lamp "emit a red light plainly visible at a distance of

1,000 feet from the rear of the vehicle." *See* TEX. TRANSP. CODE ANN. § 547.322 (West 2011). At the hearing on the motion to suppress, Princeton police officer Frankie Pell, Jr. testified he was on the side of the road when Johnson drove by him. He noticed Johnson's car had a "busted" tail lamp that was "displaying" a white light instead of a red light and "was just damaged to the point that it was not in compliance with the law." Pell's in-car camera was activated and recorded Johnson as she drove by Pell and continued driving. The recording, which was admitted into evidence, reflects Johnson's left tail lamp was broken and was emitting a white light. When asked on cross-examination whether "there's still red light in the tail light," Pell responded, "[i]t's possible." However, Pell had no "independent recollection" of how much red light "was being emitted."

Johnson's sister, Patricia Shaw, testified she was responsible for driving Johnson's car home after Johnson was arrested. Shaw went to pick up Johnson's car with her former mother-in-law, Jane Cox, who also testified as to the damage to the tail lamp. Cox observed the damage as she followed Shaw back home. According to Cox, both of Johnson's tail lights emitted a red light at the time.

Johnson's investigator, Billy Meeks, testified he was asked to "remove[] a portion of the [left] tail light" from Johnson's car "similar to the damage that was done to the vehicle prior to [him] ever seeing the vehicle." He began by taking a picture of the tail lamp "fully assembled and [without] the damage that was created." Then, he reconstructed the broken tail lamp based on what Shaw "remembered the damage[] being" on the night Johnson was stopped. Meeks testified he took pictures of Johnson's car with the reconstructed broken lamp from "20 feet out to from 1,000 feet to show the display of the lights as they were with the damage that was described." He then broke the lamp a second time, creating "a greater amount of damage than what [was] originally identified." Pictures of this damage were also taken. The pictures were

–2–

admitted into evidence, and according to Meeks, in both instances, the tail lamp still displayed a red light.[1] Pell agreed that a picture of the tail lamp reconstructed by Meeks reflected the damage to Johnson's tail lamp when she was stopped.

Relying on *Vicknair v. State*, 751 S.W.2d 180 (Tex. Crim. App. 1986), and *Gaines v. State*, No. 04-00-00050-CR, 2001 WL 99630 (Tex. App.—San Antonio Feb. 7, 2001, pet. ref'd), Johnson argued in closing to the trial court that, to be "defective under the law," the tail lamp had to be damaged to the point it emitted no red light. Because the witnesses testified Johnson's broken tail lamp emitted red, Johnson contended it was "not defective under the law," and all evidence obtained following the stop needed to be suppressed. In denying Johnson's motion, the trial court made the following relevant findings:

•Officer Pell testified the tail lamp glowed white, rather than red.

•Officer Pell activated his in-car video system when he first observed Defendant's broken tail lamp.

•The video system recorded Defendant's operation of her vehicle up to the stop and throughout the roadside investigation and arrest.

•The video recording clearly shows Defendant's tail lamp glowing white, rather than red.

•Officer Pell was a credible witness and his testimony is believable.

•Defense witnesses Billy Meeks, Patricia Shaw and Jane Cox were not credible witnesses. Their testimony pertained to hypothetical recreations of the broken tail lamp in question; the testimony did not deal directly with Defendant's tail lamp as it was observed by Officer Pell.

The trial court also made the following relevant conclusions:

•Officer Pell had reasonable suspicion, given the totality of the circumstances in light of his experience and training, that the Defendant was committing a traffic offense when he observed Defendant's broken tail lamp.

---

[1] Copies of these pictures are included in the exhibit file of the reporter's record. However, the copies are black and white.

•Defendant's broken tail lamp was a violation of the Texas Transportation Code §546.322(d).

•The Defendant's case is distinguished from *Vicknair v. State* and *Gaines v. State* because Defendant's tail lamp was not merely "fractured" as in those cases; rather, Defendant's tail lamp was completely "busted" according to Officer Pell's testimony and Defense's own witnesses.

•The actions of the Princeton Police Department did not violate the constitutional . . . rights of the Defendant under the Fourth . . . or Fourteenth Amendments to the United States Constitution, or Article 1, Section 9 of the Texas Constitution.[2]

## II. SUPPRESSION OF EVIDENCE

In arguing the trial court erred in denying her motion to suppress, Johnson challenges several of the trial court's findings, but concludes "[t]he trial court's decision in this case comes down to [the] factual finding [that] 'the video clearly shows Defendant's tail lamp glowing white, rather than red.'" Johnson asserts the quality of the video is poor and notes Pell "admitted [as] much," specifically testifying that "[a]fter I catch up to [Johnson's car] and I have all my lights and bright lights on for safety reasons, it's not as easy to see that one [tail lamp] is red and one's white as it is as she passes by as I'm parked on the side of the road." Johnson argues that, "[b]ecause an evaluation of video footage does not 'pivot on an evaluation of credibility and demeanor' - this Court may exercise its own independent judgment as to what weight should have been given to the video footage vis-à-vis [the] indisputable evidence" that the tail lamp emitted both a red and white light, Pell "adopted" the picture of the reconstructed broken tail lamp "as an accurate re-creation of the damage he personally observed," a "significant portion of red lens remain[ed]," and Pell was credible. Johnson asserts that, "reviewed in this appropriate fashion, the record fails to support the trial court's finding that the taillight did not exhibit a red

---

[2] Addressing additional allegations in Johnson's motion to suppress, the trial court also concluded the actions of the Princeton Police Department did not violate Johnson's rights under the Fifth and Sixth Amendments of the United States Constitution, Article 1, sections 10 and 19 of the Texas Constitution, or Article 38.23 of the Texas Code of Criminal Procedure. Johnson does not complain of these rulings in this Court.

light at 1000 feet and the conclusion that Pell's actions did not violate her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.[3]

### A. Applicable Law

The purpose of the Fourth Amendment to the United States Constitution is to "safeguard an individual's legitimate expectation of privacy from unreasonable governmental intrusions." *See Richardson v. State*, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993); *see also Berger v. New York*, 388 U.S. 41, 53 (1967). The Fourth Amendment, applicable to the states by the Due Process Clause of the Fourteenth Amendment, does not forbid all searches and seizures, however, just unreasonable ones. *United States v. Sharpe*, 470 U.S. 675, 682 (1985); *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable to be lawful. *See Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—2010, pet. ref'd); *see also Delaware v. Prouse*, 440 U.S. 648, 653-54 (1979). The State bears the burden of demonstrating the reasonableness of the traffic stop. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A traffic stop is lawful if the law enforcement officer has a reasonable basis for suspecting the driver has committed a traffic violation. *See Arizona v. Johnson*, 555 U.S. 323, 327 (2009); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).

It is a misdemeanor offense in Texas to operate a vehicle not equipped with tail lamps which emit red light plainly visible at a distance of 1,000 feet from the rear of the vehicle. *See* TEX. TRANSP. CODE ANN. §§ 547.004, 547.322. No traffic violation occurs, however, if a fracture in a tail light allows white light to emit so long as the tail light continues to emit a red light for 1,000 feet. *See Vicknair*, 751 S.W.2d at 189.

---

[3] Johnson also relies on article 1, section 9 of the Texas Constitution. However, she does not argue the Texas Constitution provides greater protection than the United States Constitution. Accordingly, we limit our analysis to the United States Constitution. *See Johnson v. State*, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992).

*B. Standard of Review*

An appellate court reviews a trial court's ruling on a motion to suppress under a bifurcated standard. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, the appellate court affords almost complete deference to the trial court's determination of historical facts, because the trial court, as the sole judge of the credibility of the witnesses and weight to give their testimony, is free to believe all or part of the testimony. *Id.* Second, the appellate court reviews the trial court's application of the law of search and seizure to the facts de novo. *Id.* The trial court's ruling will be upheld if it is "reasonably supported by the record and correct under any theory of law applicable to the case." *Id.* at 447-48 (quoting *State v. Dixon*, 206 S.W.3d. 587, 590 (Tex. Crim. App. 2006)). When, as here, the trial court makes explicit findings of fact, the appellate court reviews the evidence in the light most favorable to the trial court's ruling to determine whether the evidence supports those factual findings. *Id.*

*C. Application of Law to Facts*

Although Johnson contends the poor quality of the video recording renders it unreliable in light of Pell's testimony that the tail lamp emitted both a red and white light and was only partially damaged with a "significant portion of red lens remaining," we conclude the recording is of sufficient quality to support the trial court's finding that the "recording clearly shows Defendant's tail lamp glowing white, rather than red." The recording, though grainy, reflects the white light of headlights of oncoming traffic, the green light of a traffic signal, the yellow and white lane markers on the road, and the red light of Johnson's intact right tail lamp. Moreover, although Johnson relies on portions of Pell's testimony seemingly suggesting the tail lamp might not have been damaged "to the point that it was not in compliance with the law," in reviewing the evidence adduced at the suppression hearing, we view the evidence in the light most favorable to the trial court's ruling. *Id.* That evidence included, in addition to the video

recording, Pell's testimony that Johnson's car had a "busted" tail lamp that "display[ed]" a white light rather than a red light. As Johnson acknowledges, the trial court found Pell to be a credible witness. As such, we defer to the trial court's finding that "Pell testified the tail lamp glowed white rather than red." *See id.*

On the record before us, we conclude the trial court's findings are supported by the evidence. Because it is a misdemeanor offense to operate a car with tail lamps that fail to emit a red light at a distance of 1,000 feet from the rear of the car, we further conclude the trial court properly determined Pell had a reasonable suspicion that Johnson had committed a traffic violation and Pell's actions did not violate Johnsons' rights under the Fourth and Fourteenth amendments. We decide Johnson's sole issue against her.

### III. CONCLUSION

Having decided Johnson's sole issue against her, we affirm the trial court's judgment.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131496F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEBORAH AILEEN JOHNSON, Appellant

No. 05-13-01496-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-84064-2012.
Opinion delivered by Justice Lang. Justices Bridges and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 3rd day of February, 2015.